ALTENBERND, Judge.
Roger Lee Jones appeals his judgments and sentences entered upon guilty verdicts in each of four counts of committing a lewd and lascivious act upon a child under the age of sixteen. The four convictions arise out of a criminal episode in the summer of 1986, involving only one victim. We affirm Jones’ four convictions without comment, except to express our agreement with the Fourth District’s analysis regarding Jones’ constitutional challenge to section 800.04, Florida Statutes (1985). See State v. Phillips, 575 So.2d 1313 (Fla. 4th DCA), review denied, 589 So.2d 292 (Fla.1991). We reverse his sentences because the trial court incorrectly included 140 points for victim injury on the guidelines scoresheet. The trial court assessed victim injury points for each offense. It is now clear that no victim injury points could be assessed for these offenses under the guidelines applicable at that time. Karchesky v. State, 591 So.2d 930 (Fla.1992).
*426 The defendant also argues that his ten-year sentence was an improper departure sentence. He admits that he was convicted of offenses in another state after the commission of these crimes. Because those convictions are unscoreable, they support a departure. Merriex v. State, 521 So.2d 249 (Fla. 1st DCA 1988). Nevertheless, he argues that this court can review the extent of the departure because it is unclear whether this episode occurred before or after the amendment to section 921.001(5), Florida Statutes (1985), prohibiting appellate review of the extent of departure. Ch. 86-273, § 1, Laws of Fla. Moreover, Jones contends that the departure resulted in a sentence which is longer than the sentence he would have received if the unscored crimes had been scored. Cf. Puffinberger v. State, 581 So.2d 897 (Fla.1991) (unscored juvenile record can only support a departure that does not exceed the result if the juvenile record had been scored as adult crimes). Although the trial court may choose to depart on resentencing, it is possible that it will make different findings and decide upon a different sentence. Accordingly, we do not decide whether the extent of a departure based upon such uns-cored offenses is subject to appellate review.
Affirmed in part, reversed in part, and remanded for resentencing.
LEHAN, Acting C.J., and FRANK, J., concur.