600 So.2d 1256 (1992)
Roberta SANCHEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 91-01727.
District Court of Appeal of Florida, Second District.
June 17, 1992.
*1257 James Marion Moorman, Public Defender and Timothy A. Hickey, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Susan D. Dunlevy, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
We have for review two sentencing issues raised by Roberta Sanchez who pled no contest to one count of committing a lewd, lascivious or indecent act upon a child under the age of sixteen, and one count of sexual battery of a child under the age of sixteen.
Sanchez was sentenced to four and one-half years in Florida State Prison on each count to be served concurrently, followed by ten years' probation. The trial court scored forty victim injury points for penetration. Sanchez' written probation order contains a condition prohibiting her from using alcohol and bars her from places where alcohol is sold.
Sanchez contends that her guidelines score should not include points for victim injury because the male victim was never penetrated in this case. The male victim also received no physical injuries as a result of the sexual battery. "[P]enetration which does not cause ascertainable physical injury, does not result in victim injury as contemplated by [Florida Rule of Criminal Procedure 3.701(d)(7)] for which victim-injury points may be assessed." Karchesky v. State, 591 So.2d 930 (Fla. 1992). See also Thompson v. State, 483 So.2d 1 (Fla.2d DCA 1985).
The state acknowledges the authority of Karchesky and concedes that the assessment of victim injury points in this case is not valid. However, because the trial court did not have the benefit of Karchesky during Sanchez' sentencing, the trial court shall have the opportunity to depart from the guidelines upon resentencing, if valid written reasons are given.
The condition of probation relating to alcohol should be stricken because it is not reasonably related to the crimes for which Sanchez was convicted. See Daniels v. State, 583 So.2d 423 (Fla.2d DCA 1991); Rodriguez v. State, 378 So.2d 7 (Fla.2d DCA 1979).
Appellant's convictions are affirmed, but the sentence is reversed and the case is *1258 remanded for resentencing and for further proceedings consistent with this opinion.
Affirmed in part, reversed in part and remanded.
SCHOONOVER, C.J., and LEHAN, J., concur.