PETERSON, Judge.
Wesley Wallen was found guilty by a jury of five counts of sexual activity with a child twelve years of age or older (his daughter) with whom he stood in a position of familial or custodial relation pursuant to section 794.041(2)(b), Florida Statutes. He was then adjudicated guilty by the trial court and sentenced pursuant to a score sheet that included 200 points for victim injury. Wallen raises eight points in his appeal of the judgment and sentence, only two of which merit discussion.
I
Wallen contends that he should not have been convicted of five counts of violating section 794.041, Florida Statutes, because the statute fails to prescribe a “unit of prosecution”; that is, the statute does not provide that each incident of sexual activity constitutes a separate crime. The cases[1] cited by Wallen to support his contention are distinguished from the present case in that the facts of those cases indicate that the crimes were committed during a single criminal episode. In Watts, there was a single criminal episode of possession of prisonmade knives; in Grappin, a single episode of theft of more than one firearm; in Schmidt, a single episode of possession of seven photographs; and, in Johnson, a taking in a single episode of several money orders. In the instant case, each count charged a discrete offense constituting a separate criminal episode on specific dates or within time frames. The five convictions are affirmed.
II
Wallen next contends that the court erred in scoring 200 victim injury points for penetration or slight injury, citing Karchesky v. State, 591 So.2d 930 (Fla.1992), in which the supreme court stated: “Penetration, which does not cause ascertainable physical injury, does not result in victim injury as contemplated by the rule for which victim injury points may be assessed.” Id. at 932. We agree that Karchesky forbids scoring points for penetration, but note that the defendant was sentenced prior to the supreme court’s reversal of our approval of the scoring of such points in sexual battery cases. We must, therefore, vacate the sentence imposed upon Wallen and remand for resen-tencing upon a revised score sheet. However, the state shall be allowed to offer at the resentencing hearing proof of physical trauma to the victim. See Hood v. State, 603 So.2d 642 (Fla. 5th DCA 1992).
The adjudications of guilt are affirmed but the sentences are vacated, and we remand for correction of the score sheet and resentencing.
AFFIRMED in part; VACATED in part; REMANDED for resentencing.
COBB and HARRIS, JJ., concur.

. State v. Watts, 462 So.2d 813 (Fla.1985); Grappin v. State, 450 So.2d 480 (Fla.1984); Schmitt v. State, 563 So.2d 1095 (Fla. 4th DCA 1990), quashed in part, approved in part, on other grounds, 590 So.2d 404 (Fla.1991); Johnson v. State, 490 So.2d 182 (Fla. 1st DCA 1986).