613 So.2d 72 (1993)
Michael Lee BOLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1978.
District Court of Appeal of Florida, Fourth District.
January 20, 1993.
Rehearing and/or Certification Denied March 2, 1993.
Michael Lee Boland, Bowling Green, pro se appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melvina Racey Flaherty, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
Michael Lee Boland appeals from an order denying his motion to correct an illegal sentence filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. He challenges the trial court's assessment of forty points against him on his sentencing guidelines scoresheet for victim injury. He argues that the state failed to charge or prove physical injury to the victims in this case. We agree and reverse and remand for resentencing.
The information charged appellant with two counts of lewd and lascivious assault on a child under the age of sixteen years in violation of section 800.04, Florida Statutes (1987). The information charged that he committed the offenses between July 1, 1987 and September 30, 1989 as to one victim and between March 1, 1987 and August 1, 1987 as to the other victim. Appellant entered into a written nolo contendere plea agreement. The plea agreement recited that the prosecutor agreed to a sentence of four and one-half years in prison followed by ten years probation and other conditions. The court adjudicated appellant guilty of both counts of lewd and lascivious assault, and on January 31, 1991, sentenced him to three and one-half years in prison with ten years probation on each *73 count to run concurrently. Appellant did not file a direct appeal and his sentence became final in March of 1991.
The state does not claim that the record contains any evidence of physical injury to the victims. Instead, it appears that the parties agree that the only indication of injury to the victims was that reflected in the information charging lewd and lascivious assault. The information specifically recited the type of contact appellant allegedly had with the two victims. It does not contain any allegation of physical injury. The trial court, therefore, erred when it assessed forty points against appellant on his sentencing guidelines scoresheet for victim injury. See Karchesky v. State, 591 So.2d 930 (Fla. 1992).
The trial court's calculation, including the victim injury points, placed appellant in a two-cell higher category in the guidelines matrix than he would have been without the extra points. Reducing his score by forty points would change the original recommended range of four and one-half to five and one-half years to a range of two and one-half to three and one-half years. The reduction would also change the permitted range from three and one-half to seven years to a permitted range of community control or one to four and one-half years. Although the trial court sentenced appellant within the correct permitted and recommended ranges, we cannot deem the inclusion of victim injury points on the scoresheet as harmless error. At sentencing, based on the erroneous scoresheet calculations, the trial court stated:
Mr. Boland, I am sure your attorney has explained this to you and I have. I don't have any discretion in this matter other than 3 1/2 - 7 years unless there is a clear legal reason for departure which I don't find in this case.
In view of the trial judge's comments, we cannot assume that the trial court would have rendered the same sentence in the absence of the scoresheet error. See Sellers v. State, 578 So.2d 339 (Fla. 1st DCA), approved on other grounds, 586 So.2d 340 (Fla. 1991).
Accordingly, we reverse the trial court's order denying appellant's motion to correct an illegal sentence. We remand this cause to the trial court with directions to correct appellant's guidelines scoresheet and for resentencing.
REVERSED and REMANDED.
FARMER, J., concurs.
WARNER, J., concurs specially with opinion.
WARNER, Judge, concurring specially.
I concur because I think the Supreme Court settled this issue in Karchesky v. State, 591 So.2d 930 (Fla. 1992). However, as a result of that decision, the legislature amended the sentencing law to make clear that in the calculation of guidelines victim injury includes sexual contact regardless of whether there is physical trauma. See § 921.001(8), Fla. Stat. (1992). That amendment cannot be retroactively applied to this case.