PER CURIAM.
Ricky Lane appeals the sentence he received after he pled guilty to violations of probation. We reverse his sentence.
In 1989 in two cases, the appellant pled guilty to the lesser second degree felonies of lewd assault upon a child. He received three years in prison to be followed by seven years’ probation. Upon revocation of his probation, he pled guilty with the understanding he could receive up to nine years in prison under the guidelines. The appellant received two concurrent eight-year prison terms.
His score included forty points for victim injury, which may be violative of Karchesky v. State, 591 So.2d 930 (Fla.1992). Because the trial court did not have the benefit of Karchesky, it may impose a departure sentence on remand if supported by valid reasons. Sanchez v. State, 600 So.2d 1256 (Fla. 2d DCA 1992). Other than the discussion of multiple probation violations at sentencing, the record before us does not support a finding of the “multiple probation violations” referred to in Williams v. State, 594 So.2d 273 (Fla.1992). See Williams at 274 n. 3 (term does not apply to the violation of several conditions of a single probation order). Thus, it appears that the court is limited on remand to a one-cell increase for these violations of probation.[1] Accordingly, we reverse Lane's sentence and remand for resentencing in accordance with Karchesky and Williams.
RYDER, A.C.J., and DANAHY and THREADGILL, JJ., concur.

. We also note that the permitted ranges apply to the appellant’s sentence. See Simpson v. State, 602 So.2d 1001 (Fla. 2d DCA 1992); Watts v. State, 580 So.2d 899 (Fla. 2d DCA 1991). The primary offense occurred, at least in part, after July 1, 1988.