616 So.2d 128 (1993)
Donald J. HARRELSON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-04521.
District Court of Appeal of Florida, Second District.
March 24, 1993.
PER CURIAM.
Donald Harrelson appeals the summary denial of his motion to correct sentence. We affirm in part and reverse in part.
Harrelson, convicted of two counts of sexual battery, is serving a split sentence of 22 years prison followed by 15 years probation. The incarcerative portion of the sentence is consistent with the guidelines recommendation. However, Harrelson complains of numerous sentencing errors. With one exception, all are without merit and we affirm the trial court's order denying relief as to those claims. We remand for further proceedings regarding the one issue discussed below.
Harrelson disputes the scoring of "victim injury." Fla.R.Crim.P. 3.701(d)(7). The scoresheet reflects the inclusion of 80 points, 40 for each count of sexual battery, corresponding to "penetration or slight injury." In Karchesky v. State, 591 So.2d 930 (Fla. 1992), the supreme court declared that only actual physical injury may be scored, notwithstanding the language used in the model scoresheet form found at Florida Rule of Criminal Procedure 3.988(b)(V). *129 The court further stated that "penetration" and injury are not necessarily synonymous. Harrelson alleges that no actual injury was inflicted in his case.
In response to this portion of the motion, the trial court determined that Karchesky should not be applied to cases which became final before the effective date of that decision. However, this court has concluded that the Karchesky issue may be raised in any case where the "fundamentally flawed" Category 2 scoresheet was employed. Morris v. State, 605 So.2d 511, 513 (Fla. 2d DCA 1992). The trial court also noted that the legislature has effectively overruled the Karchesky decision. Ch. 92-135, § 1, Laws of Fla. While this is so, the amended statute cannot be applied in this case. Morales v. State, 613 So.2d 922 (Fla. 3d DCA 1993); Boland v. State, 613 So.2d 72 (Fla. 4th DCA 1993) (Warner, J., concurring).
After remand the trial court may again deny the motion if, after review of the files and records or an evidentiary hearing, it is established that actual injury occurred in this case. Morris. If, on the other hand, no actual injury can be proved, the scoresheet must be corrected and Harrelson resentenced. We note that Harrelson's sentence would lie within the "permitted range" even if all "victim injury" points were deleted. However, "[w]e find no conclusive declaration in the record, as indeed we must to deem the error harmless, indicating the trial court would have extended the sentence into the farthest reach of the permitted range had it considered an accurate scoresheet." Najar v. State, 614 So.2d 644 (Fla. 2d DCA 1993). See also, Boland; Sellers v. State, 578 So.2d 339 (Fla. 1st DCA), approved on other grounds, 586 So.2d 340 (Fla. 1991). Our holding is without prejudice to the trial court to make and substantiate such a finding. Cf. Sanchez v. State, 600 So.2d 1256 (Fla. 2d DCA 1992) (trial court may impose departure sentence after correction of Karchesky error, if supported by written findings).
Affirmed in part, reversed in part, and remanded with instructions.
DANAHY, A.C.J., and CAMPBELL and BLUE, JJ., concur.