PER CURIAM.
James Roux appeals the summary denial of his motion to correct sentence.
The motion is based on Karchesky v. State, 591 So.2d 930 (Fla.1992). The trial court denied relief after finding that the legislature effectively has overridden the Karchesky decision. However, this court has previously held that the 1992 legislation cannot be applied to crimes committed, as was Roux’s, before its effective date. Harrelson v. State, 616 So.2d 128 (Fla. 2d DCA 1993).
The trial court also attempted to demonstrate, citing a medical report, that actual injury was suffered in this case. See Morris v. State, 605 So.2d 511 (Fla. 2d DCA 1992). However, this report, assuming it would be admissible in the face of hearsay objections, establishes only that “sexual intercourse ... occurred.” The supreme *880 court has expressed its opinion, in Karche-sky, that “penetration” and “injury” are not synonymous.
We remand this case for further consideration of Roux’s motion in light of Harrelson.
Reversed.
RYDER, Acting C.J., and DANAHY and FRANK, JJ., concur.