HALL, Judge.
Joseph Brabant appeals the summary denial of his motion to correct sentence. We reverse and remand for further proceedings.
Brabant was convicted of three counts of sexual battery and three counts of incest in 1986. He was sentenced to 27 years’ imprisonment pursuant to a scoresheet which included 240 points for victim injury (40 points for each offense). He now alleges error in the scoring of points for victim injury based on Karchesky v. State, 591 So.2d 930 (Fla.1992). In that case the supreme court held that only ascertainable physical injury may be scored, and penetration is not necessarily synonymous with injury. Brabant contends that he inflicted no ascertainable physical injury on the victim.
The trial court denied Brabant’s motion to correct sentence based on the legislature’s clarification of its intent regarding the scoring of victim injury points on category 2 scoresheets. Ch. 92-135, § 1, Laws of Fla. The legislature amended section 921.001(8), Florida Statutes (1992), to reflect its intention that penetration must be scored regardless of whether it involved any physical injury. This amendment may not be applied retroactively. Harrelson v. State, 616 So.2d 128 (Fla. 2d DCA 1993).
The trial court also stated that it would not retroactively apply the Karchesky ruling. This court has held that “the Karche-sky issue may be raised in any case where the ‘fundamentally flawed’ Category 2 scoresheet was employed.” Harrelson.
Accordingly, we must remand this case for further proceedings consistent with Harrelson to determine whether physical injury was inflicted in this case.
Reversed and remanded.
THREADGILL and BLUE, JJ., concur.