620 So.2d 1303 (1993)
Edward KLESHINSKI, Appellant,
v.
STATE of Florida, Appellee.
No. 92-00259.
District Court of Appeal of Florida, Second District.
July 9, 1993.
James Marion Moorman, Public Defender and Karen K. Purdy, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
BLUE, Judge.
Edward Kleshinski appeals his seven convictions and the resulting sentences. We affirm all but one of Kleshinski's convictions which we reverse because there was insufficient evidence. We also reverse the sentences imposed and remand for resentencing due to guidelines scoresheet errors.
We reverse Kleshinski's conviction for sexual activity with a child by a person in familial authority as charged in count thirteen of the information because there was no testimony presented at trial to support a conviction on this charge. The victim specifically testified that the crime did not occur and the state presented no other evidence to support this conviction. See L.E.W. v. State, 616 So.2d 613 (Fla. 5th DCA 1993).
Regarding his sentence, Kleshinski correctly contends that the guidelines scoresheet erroneously contains points for "victim injury" because no actual injury was inflicted in the offenses for which he was convicted. Subsequent to his sentencing, the Florida Supreme Court held that only actual physical injury may be scored, notwithstanding the language used in the model scoresheet form found at Florida Rule of Criminal Procedure 3.988(b)(V). Karchesky v. State, 591 So.2d 930 (Fla. 1992). This court has held that the Karchesky issue may be raised in any case, as in this case, where the "fundamentally flawed" Category 2 scoresheet was used. Morris v. State, 605 So.2d 511 (Fla. 2d DCA 1992). The legislature's amendments to section 921.001, Florida Statutes (Supp. 1992), which effectively overrule Karchesky, do not have retroactive application and so do not apply in this case. Harrelson v. State, 616 So.2d 128 (Fla. 2d DCA 1993); *1304 Morales v. State, 613 So.2d 922 (Fla. 3d DCA 1993); Boland v. State, 613 So.2d 72 (Fla. 4th DCA 1993).
Accordingly, we reverse Kleshinski's conviction on count thirteen and affirm all his other convictions. We reverse and remand for resentencing using a correct scoresheet.
FRANK, C.J., and THREADGILL, J., concur.