632 So.2d 104 (1994)
Royce Glenn HARPER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2344.
District Court of Appeal of Florida, First District.
February 7, 1994.
Daniel Colin Campbell of the law office of Chris Cadenhead, Crestview, for appellant.
Robert A. Butterworth, Atty. Gen., Gypsy Bailey, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, for appellee.

ON MOTION FOR REHEARING
ERVIN, Judge.
Upon consideration of the state's motions for rehearing and rehearing en banc, we withdraw this court's previous opinion in this case, which was issued on September 3, 1993, and published at 18 Fla. L. Weekly D1979, and substitute the following opinion therefor. We otherwise deny the state's motions.
Appellant, Royce Glenn Harper, seeks review of an order summarily denying his 3.800(a)[1] motion to correct illegal sentence, in which appellant, pursuant to Karchesky v. State, 591 So.2d 930 (Fla. 1992), sought recalculation of his guideline sentencing score by eliminating 120 points added for victim injury. We reverse and remand for resentencing.
Appellant pled guilty in two separate cases to a total of four counts of attempted sexual battery and five counts of lewd and lascivious acts. He was sentenced in September 1987 to terms of 22 years for each attempted sexual battery conviction and 15 years for each lewd and lascivious act conviction. These sentences were within the recommended sentencing range of 22 to 27 years, which was calculated by including 120 points for victim injury.
In Karchesky, which was decided after appellant was sentenced, the supreme court held that points for victim injury should not be scored on a Category 2 (Sexual Offenses) scoresheet unless the victim suffered ascertainable physical injury, and that there must be more than sexual contact or penetration alone. Because appellant's sentencing scoresheet indicates that the victim injury points were assessed for "[c]ontact but no penetration," we agree with appellant that the points were improperly included and therefore reverse and remand for resentencing in accordance with Karchesky. See also Linkous v. State, 618 So.2d 294 (Fla. 2d DCA) (reversing summary denial of 3.800(a) motion relying on Karchesky), review denied, 626 So.2d 208 (Fla. 1993); Morris v. State, 605 So.2d 511 (Fla. 2d DCA 1992) (concluding that Karchesky error is readily ascertainable from the face of the record and correctable under 3.800(a)).[2]Accord Kleshinski v. State, *105 620 So.2d 1303 (Fla. 2d DCA 1993); Harrelson v. State, 616 So.2d 128 (Fla. 2d DCA), review denied, 624 So.2d 268 (Fla. 1993); Roux v. State, 615 So.2d 879 (Fla. 2d DCA), review denied, 624 So.2d 268 (Fla. 1993); Jones v. State, 615 So.2d 705 (Fla. 2d DCA 1992); Lane v. State, 613 So.2d 932 (Fla. 2d DCA 1993); Morales v. State, 613 So.2d 922 (Fla. 3d DCA), review denied, 623 So.2d 494 (Fla. 1993); Boland v. State 613 So.2d 72 (Fla. 4th DCA), review denied, 624 So.2d 268 (Fla. 1993); State v. Stone, 608 So.2d 941 (Fla. 2d DCA 1992); Wallen v. State, 606 So.2d 399 (Fla. 5th DCA 1992); Beasley v. State, 605 So.2d 959 (Fla. 2d DCA 1992), review denied, 614 So.2d 503 (Fla. 1993); Fowler v. State, 605 So.2d 598 (Fla. 5th DCA 1992); Hood v. State, 603 So.2d 642 (Fla. 5th DCA 1992); Goodwin v. State, 600 So.2d 1310 (Fla. 5th DCA 1992); Sanchez v. State, 600 So.2d 1256 (Fla. 2d DCA 1992); Jones v. State, 597 So.2d 425 (Fla. 2d DCA), review denied, 604 So.2d 487 (Fla. 1992); Jory v. State, 596 So.2d 1126 (Fla. 5th DCA 1992); Morrison v. State, 596 So.2d 535 (Fla. 5th DCA 1992).
In so deciding, we recognize that this court apparently rejected a similar argument on a direct appeal in Perryman v. State, 608 So.2d 528 (Fla. 1st DCA 1992), review denied, 621 So.2d 432 (Fla. 1993). We consider Perryman factually distinguishable, however, because there is no indication in the opinion of the type of victim injury points assessed. A Category 2 sentencing scoresheet authorizes the addition of victim injury points for "No contact," "Contact but no penetration," "Penetration or slight injury," and "Death or serious injury." As a consequence, the points assessed in Perryman could conceivably have been correctly assessed for slight or serious physical trauma, while the record in the case at bar reveals that the victim injury points were assessed only for "Contact but no penetration," which we consider to be improper under the Karchesky rule.
We also reject the state's argument on rehearing that our decision is in conflict with Boerstler v. State, 622 So.2d 184 (Fla. 1st DCA 1993). In Boerstler, this court affirmed the denial of the defendant's 3.800(a) motion, in which he alleged erroneous inclusion of 40 points for victim injury under Karchesky, because the 19-year sentence imposed was part of a valid plea agreement. In so doing, this court noted that there was no indication that the plea agreement was conditioned upon the 19-year sentence being within the guidelines. We consider Boerstler distinguishable in that the record in the instant case indicates that, as part of the plea agreement, the state recommended a sentence within the guidelines, and that it represented that the recommended 22-year sentence was correct under the guidelines. We therefore decline to apply the Boerstler ruling based on these distinguishing facts.
REVERSED and REMANDED for resentencing.
ZEHMER, C.J., and WEBSTER, J., concur.
NOTES
[1] Florida Rule of Criminal Procedure 3.800(a).
[2] The state has argued on rehearing that appellant's challenge is not cognizable under rule 3.800(a), and in support thereof cites Judge v. State, 596 So.2d 73 (Fla. 2d DCA), review denied, 613 So.2d 5 (Fla. 1992); Rouse v. State, 601 So.2d 281 (Fla. 1st DCA), review denied, 604 So.2d 487 (Fla. 1992); Kelly v. State, 599 So.2d 727 (Fla. 1st DCA 1992); and Simmons v. State, 579 So.2d 874 (Fla. 1st DCA 1991). The state's reliance on the above cases is misplaced, in that none of them imply a Karchesky error raised in a 3.800(a) motion. We agree with the Second District that the Category 2 scoresheet involved in the instant case is "fundamentally flawed" and that the error is therefore "readily ascertainable from the face of the record." Morris v. State, 605 So.2d 511, 513 (Fla. 2d DCA 1992). Accord Kleshinski v. State, 620 So.2d 1303, 1303 (Fla. 2d DCA 1993) (Karchesky issue may be raised in any case "where the `fundamentally flawed' Category 2 scoresheet was used"). And see Jones v. State, 19 Fla. L. Weekly D167, ___ So.2d ___ (Fla. 1st DCA Jan. 14, 1994).