PATTERSON, Acting Chief Judge.
Clawson appeals from his judgment and sentences for engaging in sexual activity with a child over twelve but less than eighteen and for handling and fondling a child under sixteen. We affirm Clawson’s convictions; however, we agree with his argument that his scoresheet incorrectly includes eighty, rather than forty, points for victim injury. Therefore, we remand for resentencing.
In Karchesky v. State, 591 So.2d 930 (Fla.1992), the supreme court held that victim injury points for penetration in sexual offenses could not be scored absent a showing of additional physical trauma. The Florida Legislature overcame the holding in Karchesky by enacting section 921.001(8), Florida Statutes (Supp.1992). See Ch. 92-135, § 1, at 1089, Laws of Fla. Under that enactment, when a sexual offense includes penetration or sexual contact, victim injury must be scored regardless of whether the state presented evidence of physical injury.
The record reflects that two incidents of sexual abuse occurred on July 28, 1990, one involving handling and fondling, and the other involving vaginal penetration. Another incident of penetration occurred sometime in the spring of 1992. However, the victim failed to testify regarding a specific date. Only an incident of vaginal penetration in May 1993 occurred after section 921.001 was amended. Since the state did not prove additional physical trauma, victim injury points should have been scored only for the one incident of penetration which occurred after the statute was amended. The amendment to the statute cannot be applied retroactively. Kleshinski v. State, 620 So.2d 1303 (Fla. 2d DCA 1993). Since the deletion of forty points from Clawson’s score decreases his sentencing range, the error was not harmless.
Clawson also correctly argues that the trial court erred in imposing $390.50 for costs of prosecution without citation to statutory authority or adequate documentation. Reyes v. State, 655 So.2d 111 (Fla. 2d DCA 1995) (en banc). Therefore, we strike the costs. The state may seek to have the costs reimposed upon resentencing. Sutton v. State, 635 So.2d 1032 (Fla. 2d DCA 1994).
Affirmed in part, reversed in part, and remanded.
ALTENBERND and LAZZARA, JJ., concur.