FLETCHER, Judge.
Francisco ■ Arroliga was charged with one count of lewd and lascivious assault on J.C., a child under the age of sixteen. Prior to trial, the state filed a motion over defense objection to admit evidence of similar collateral crimes, and the trial judge allowed it. At trial, the victim testified that Arroliga fondled her when she was about six years old. Three witnesses followed with testimony of Arroliga’s similar offenses against them when they were children. Arroliga was convicted as charged and on corrected sentence received three and one half years in prison to be followed by five years of probation. Arroliga has appealed the trial court’s ruling on the collateral crimes evidence as well as the *520 assessment of victim injury points for sexual contact.
The trial court did not err by allowing the collateral crimes evidence. Florida law provides that when a defendant is charged with a crime involving child molestation, evidence of other child molestation is admissible and may be considered for its bearing on any matter to which it is relevant. § 90.404(2)(b)l., Fla. Stat. (2005). The evidence of the defendant’s molestation of the other children was probative because it corroborated the victim’s testimony, and did not distract the jury from the central issue of whether the defendant did indeed molest J.C.
The trial court’s assessment of victim injury points was correct. The sentencing guidelines effective October 1, 1983, for Category 2 sexual offenses as contained in chapter 800 provides that 20 victim injury points be assessed for “contact but no penetration.” See In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848, 852 (Fla.1983). This was the rule from 1983 up until the decision in Karchesky v. State, 591 So.2d 930 (Fla.1992). The Florida Supreme Court in Karchesky held that sexual penetration which does not cause ascertainable physical injury cannot be assessed victim injury points for purposes of calculating the guidelines scoresheet. However, Karchesky was limited by its facts to those cases of sexual battery in which penetration occurred, and the holding did nothing to alter the assessment of victim injury points as it applied to crimes involving lewd and lascivious conduct, i.e., crimes involving sexual “contact but no penetration,” en compassed by chapter 800. See Seagrave v. State, 802 So.2d 281 (Fla.2001)(discussing Karchesky, found that “the issue of whether sexual contact point could be assessed for crimes other than sexual battery was not addressed”). To be sure, the dissent in Karchesky points out the illogic of proscribing assessment of victim injury points in a crime involving penetration but without ascertainable physical injury and assessing points for crimes involving contact but no penetration. Karchesky, 591 So.2d at 933. Not until Seagrave did the court resolve this problem by holding that victim injury points for “sexual contact” are not limited to criminal acts that constitute sexual battery.
Even without applying the holding in Seagrave, the trial court would have been correct to assess victim injury points in sentencing Arroliga. Florida courts have long held that a defendant must be sentenced under the guidelines in effect at the time of the crime. See State v. Miller, 512 So.2d 198 (Fla.1987). The sentencing guidelines at the time Arroliga committed his lewd and lascivious acts upon the victim, at some unspecified time in 1991 or 1992, provided for the assessment of 20 points for “contact but no penetration.” See § 921.001(4)(b)l, Fla. Stat. (2005)(“The guidelines enacted effective October 1, 1983, apply to all felonies, except capital felonies, committed on or after October 1, 1983, and before January 1, 199U. ... ”)[e.s.], as reflected in applicable pre-Karchesky cases in Florida. Thus, the trial court correctly assessed victim injury points in preparation of Arroliga’s score-sheet.
Affirmed.