ON HEARING EN BANC
SHEPHERD, J.
As we have done in prior cases, see, e.g., Lanier v. State, 709 So.2d 112 (Fla. 3d DCA 1998); Guerrero v. Fonte, 507 So.2d 620 (Fla. 3d DCA 1987), we sua sponte consider this case en banc because the proposed panel opinion directly conflicts with our recent decision in Arroliga v. State, 928 So.2d 519 (Fla. 3d DCA 2006). In Arroliga, we held that the statewide sentencing guidelines in existence in 1991 and 1992, the period during which Arroliga committed his crimes, authorized the assessment of victim injury points for a crime involving “sexual contact” absent actual physical injury. Id. at 520. In so doing, we placed our reliance upon a score-sheet form line entry appearing in the “Victim injury (physical)” scoring category of this state’s sentencing guidelines for Category 2, Sexual Offenses which, since the institution of the guidelines in 1983, see In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d 848, 853 (Fla.1983), has stated that after the score is totaled for all other Category 2 scoring categories, an extra twenty victim injury points shall be added to the total score for “contact but no penetration.”[1]
*110 Notably in Arroliga, we neglected to consider the language of the actual guidelines in effect at the time Arroliga committed his crime, see Fla. Rules of Criminal Procedure re Sentencing Guidelines (Rules 3.701 and 3.988), 509 So.2d 1088, 1089 (Fla.1987), which, in subsection (d)(7) of Rule 3.701, declared that “Victim injury points shall be scored for each victim physically injured during a criminal episode or transaction.” Nor did we appreciate the committee note, which at the time read as follows:
(d)(7) This provision implements the intention of the commission that points for victim injury be added for each victim injured during a criminal transaction or episode. The injury need not be an element of the crime for which the defendant is convicted, but is limited to physical trauma. However, if the victim injury is the result of a crime for which the defendant has been acquitted, it shall not be scored.
Id. at 1089-90 (emphasis added). Instead, based upon what we today acknowledge was a misreading by us of the import of Seagrave v. State, 802 So.2d 281, 289 (Fla. 2001), interpreting the holding of Karchesky v. State, 591 So.2d 930, 932 (Fla.1992), superseded by Ch. 92-135, § 1, Laws of Fla.; § 921.001(8), Fla. Stat. (1992 Supp.), that points under the “Victim injury (physical)” scoring category may not be assessed against a defendant for sexual penetration under the “penetration or slight injury” line entry of this scoring category unless the act produced ascertainable physical injury to the victim, was “limited by its facts,” Arroliga, 928 So.2d at 520, we held that ascertainable physical injury is unnecessary to the assessment of victim injury points for mere “sexual contact” under the “contact but no penetration” line of the same scoring category. Id.
Acknowledging our fallibility, we today recede from this holding in Arroliga and belatedly join every other district court of appeal in the state which, for Category 2 Sexual Offenses committed during the time period in question in this case, see infra n. 2, has required evidence of actual physical injury to assess victim injury points. See, e.g., Harper v. State, 632 So.2d 104, 104 (Fla. 1st DCA 1994) (reversing assessment of victim injury points in attempted sexual battery and lewd and lascivious conduct case where there was no evidence of actual physical injury); Boland v. State, 613 So.2d 72, 73 (Fla. 4th DCA 1993) (reversing assessment of victim injury points in lewd and lascivious assault where no physical injury was proven); Walls v. State, 627 So.2d 107, 107 (Fla. 2d DCA 1993) (noting victim injury points should not have been assessed where defendant pled guilty to two counts of corn- *111 mitting a lewd act in the presence of a child, but caused no physical injury); Hood v. State, 603 So.2d 642, 643 (Fla. 5th DCA 1992) (reversing assessment of victim injury points in case involving lewd, lascivious, or indecent acts upon a child where no evidence of physical injury existed), disapproved on other grounds, State v. Montague, 682 So.2d 1085 (Fla.1996). The holdings of these cases are consistent with the plain language of the sentencing guidelines and deductively supported by the ratio decidendi of Karchesky.[2] Furthermore, now applying the correct law, we reverse and remand the case pending before us for resentencing. A brief summary of the procedural history of the case is necessary to explain our decision.
In July 1989, Corley committed the crimes of fondling the penises of two children under the age of sixteen. In 1990, he pled guilty to two felony violations of section 800.04 of the Florida Statutes and was placed on probation for ten years with special conditions. In 1996, he "violated his probation, as a result of which his probationary sentence was extended to April 25, 2006. On February 24, 2006, just before his scheduled release from probation, he was cited for “failing to successfully complete the Mentally Disordered Sex Offender Program until the provider determines that treatment is no longer necessary,” a program he had been attending since pleading guilty in 1990. The violation report stated, “Earl continues to be a high-risk case.” On September 12, 2006, the trial court extended Corley’s probationary sentence another two years to April 25, 2008. The court also amended the special conditions — with Corley’s consent — to include electronic monitoring. Just four weeks later, on October 11, 2006, Corley was found to have violated probation again for multiple failures to comply with that condition. The court thereupon sentenced him to thirteen years in state prison with credit for time served.
The offenses to which Corley pled are Category 2 Sexual Offenses. The score-sheet prepared for this most recent sentencing scored him with 190 points for two second-degree felonies. No points were assessed under the “Victim injury (physical)” scoring category. As scored, Cor-ley’s “permitted range” of incarceration under the sentencing guidelines in effect at the time was between one and four-and-a-half years. See Fla. R.Crim. P. 3.988(b) (1989). In addition, the sentencing rules in effect at the time permitted a one-cell upward “bump” or departure for each probation or community control violation. See Fla. R. Crim P. 3.701(d)(14); Williams v. State, 594 So.2d 273 (Fla.1992). Corley committed three such violations. Thus, his “permitted range,” of incarceration increased from four-and-a-half to nine years. See Fla. R.Crim. P. 3.988(b) (1989). Under the guidelines in effect at the time Corley committed his crimes, see Miller v. Florida, 482 U.S. 423, 107 S.Ct. 2446, 96 L.Ed.2d 351 (1987) (criminal defendants must be sentenced under the guidelines and laws in effect at the time of the crime), the trial court could not exceed this per *112 mitted range without enunciating reasons for the upward departure. See Fla. R.Crim. P. 3.701(d)(ll) (1989). It did so, nevertheless, at the urging of the State, which apparently did not appreciate that the guidelines in effect at the time of the crime required written reasons for the departure. Id.[3] Corley’s sentence of thirteen years is clearly impermissible.
The State now concedes it inadvertently misled the court at the 2006 sentencing hearing. However, the State urges that Corley’s sentence is nevertheless lawful because Corley’s offenses were both Category 2 Sexual Offenses, which require the assessment of forty total additional victim injury points (twenty for each offense) for “contact but no penetration” under the “Victim injury (physical)” scoring category. Although adding the points would result in Corley’s sentence falling within a “permissible range” of the sentencing guidelines, id., there is no evidence Corley inflicted any actual, ascertainable physical harm on either of his victims during the course of committing his crimes. Under the law in effect at the time Corley committed his crimes, Corley was incorrectly sentenced. We therefore reverse and remand this case for the imposition of a guidelines sentence. Corley is entitled to be present at the resentencing.
Reversed and remanded with directions.

. Florida’s sentencing guidelines were created by the Florida Supreme Court at the insis *110 tence of the Florida legislature. See § 921.001, Fla. Stat. (1983). Upon the recommendation of a statewide Sentencing Commission, created by the statute, the court divided all felony offenses into nine general categories. The category with which we are concerned in this case is entitled “Category 2, Sexual Offenses” and initially encompassed Chapters 794 and 800, and section 826.04 of the Florida Statutes.
See In re Rules of Criminal Procedure (Sentencing Guidelines), 439 So.2d at 850. Since then, offenses relating to sections 491.0112 (sexual misconduct by a psychotherapist), and 775.22 (sexual predator registration), have been added to this category. The "Victim injury (physical),” scoring category, one of several scoring categories within Category 2, Sexual Offenses, has, since 1983, called for the assessment of victim injury points as follows:
_No Contact_0_
_Contact but no penetration 20_
_Penetration or slight injury 40_
Death or serious injury_85
Although the language of this scoring category has not changed since 1983, the method of its application has been modified by statute. See infra n. 2.

. Karchesky was superseded by statute in 1992. Effective April 8, 1992, the legislature mandated that in completing the "Victim injury (physical)” scoring category for a Category 2 Sexual Offense, forty additional victim injury points shall be added for "penetration or slight injury,” and twenty additional victim injury points for "contact but no penetration” regardless of whether there is evidence of any physical injury. See § 921.001(8), Fla. Stat. (1992); Pinacle v. State, 654 So.2d 908, 910 n. 1 (Fla. 1995); see generally William H. Burgess, III, Florida Sentencing 144-45 (2007). Because the crime dates for both Arroliga and Corley occurred before 1992, this modification of the sentencing guidelines is immaterial to the case before us.

. Since October 1, 1998, the sentencing laws of this state have permitted a trial judge to depart upward from a guidelines sentence without explanation. See § 921.0024(2) (Fla. 2008); Ch. 97-194, § 7, Laws of Fla. The assistant state attorney most probably was unfamiliar with the pre-1998 requirement.