FRANK, Judge.
We have for review the departure sentence imposed upon Steven W. Trimble following his plea of guilty to kidnapping, arson, lewd and lascivious conduct, and aggravated assault. We reverse.
First, the trial court erred in failing to provide contemporaneous written reasons for departure. See Johnson v. State, 517 So.2d 760 (Fla. 2d DCA 1987). Furthermore, the departure reasons are prohibited by State v. Rousseau, 509 So.2d 281 (Fla.1987). For instance, the trial court relied upon the child victim’s emotional trauma as a reason for departure. Because the expert psychologist testified that young victims in this sort of case generally suffer relatively little trauma, this reason for departure was not clear and convincing. Finally, the victim’s vulnerability was directly related to her age, but age was a component of the crime with which Trimble had been convicted — lewd and lascivious act upon a child under the age of 16, condemned by section 800.04(3), Florida Statutes (1985).
Because the foregoing reasons for departure, and others which we need not cat-alogue, were invalid, we reverse the sentence and remand for resentencing within the guidelines.
SCHOONOVER, C.J., and PARKER, J., concur.