613 So.2d 922 (1993)
Leonardo MORALES, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-2885.
District Court of Appeal of Florida, Third District.
January 19, 1993.
Rehearing Denied March 23, 1993.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Giselle D. Lylen, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HUBBART and COPE, JJ.
PER CURIAM.
The defendant appeals the trial court's imposition of a departure sentence. We reverse.
The trial court initially sentenced the defendant in April, 1986. The court imposed *923 a departure sentence and prepared a written order. However, the written order was filed seven days after the sentencing.
Due to clerical error, an appeal was not timely commenced. A belated appeal was later allowed. In the meantime the Florida Supreme Court announced Ree v. State, 565 So.2d 1329 (Fla. 1990). Because the written departure order had not been entered on the date of sentencing, this court held that Ree controlled. The sentencing order was reversed and remanded for resentencing within the guidelines. Morales v. State, 563 So.2d 211 (Fla. 3d DCA 1990) (Morales I).
Shortly after we issued Morales I, the supreme court clarified Ree and held that Ree was not to be applied retroactively. Ree, 565 So.2d at 1331. The trial court followed Ree as clarified, and again imposed a departure sentence. This court denied defendant's motion to enforce mandate, invoked the manifest injustice exception to the law of the case doctrine, and withdrew the Morales I opinion. Morales v. State, 580 So.2d 788 (Fla. 3d DCA 1991) (Morales II).
After conclusion of proceedings in the trial court, Morales appealed. In the meantime the supreme court receded from so much of Ree as indicated that Ree would be given prospective application only. The supreme court ruled that Ree should be given retroactive application in cases which were in the "pipeline" when Ree was issued. Smith v. State, 598 So.2d 1063, 1066 (Fla. 1992). We therefore reinstate Morales I, reverse the sentencing order, and remand the case for resentencing within the guidelines.[1]
The trial court incorrectly scored victim injury points in this case. The supreme court's opinion in Karchesky v. State, 591 So.2d 930 (Fla. 1992) is applicable. The legislature's recent amendments to section 921.001, Florida Statutes (Supp. 1992), which took effect April 8, 1992, see ch. 92-135, § 4, do not apply to this case. The rule must be applied as it existed at the time of the offense. See Madrey v. State, 594 So.2d 841 (Fla. 5th DCA 1992).
Reversed and remanded for resentencing within the guidelines.
SCHWARTZ, C.J., and HUBBART, J., concur.
COPE, Judge, Specially Concurring.
In my view the legislature should abolish the requirement that written departure reasons be entered on the date of sentencing.[1]
Where there is a valid reason for a departure sentence, those reasons do not lose their force because the written order is entered on a date after sentencing instead of on the day of sentencing,[2] or because the reasons are stated on the record instead of being reduced to a written order.[3] Sentencing review should concentrate on the merits of departure orders, not the form in which the departure reasons have been given. As is true in habitual offender sentencing (which upward departure sentences resemble), it should be sufficient to state the departure reasons on the record, with preparation of a written departure order an optional alternative.
Departure sentences by definition deal with defendants who merit unusually severe, or unusually lenient, sentences. The important question is whether the judge's stated reasons justify, or do not justify, a departure sentence under existing legal standards. It is unwise policy to undo a departure sentence for a matter of form, rather than substance.
NOTES
[1] The State and the defendant agree that the new scoresheet should reflect the defendant's other convictions which were not factored into the original scoresheet.
[1] See § 921.001(6), Fla. Stat. (1991).
[2] See id.; Ree v. State, 565 So.2d 1329 (Fla. 1990).
[3] See § 921.001(6), Fla. Stat. (1991); Pope v. State, 561 So.2d 554 (Fla. 1990).