PETERSON, Judge.
John W. Reynolds appeals his convictions and sentences based upon a six-count information charging him with lewd and lascivious assaults upon three girls under the age of sixteen years, pursuant to section 800.-04(1), Florida Statutes (1991). We reverse in part and remand.
Appellant raises eight issues on appeal, only two of which warrant discussion. Reynolds contends that the evidence was insufficient to support convictions for lewd and lascivious assaults and that, by erroneously including sentencing guidelines score-sheet points for victim injury, the trial court imposed a departure sentence without contemporaneous written reasons for the departure.
Appellant argues that the evidence was insufficient to support the six convictions for violations of section 800.04(1) because the state failed in each count to establish that the appellant “assaulted” his victims. Five of the six counts against the appellant alleged that the appellant “did knowingly commit a lewd or lascivious assault ... by handling or fondling” either the vagina, the breast, or the buttocks of his child victims. Because of the use of the word “assault” in the information, the appellant asserts the state was charging him with an assault — i.e., a threat to do violence to another, coupled with the apparent ability to do so, and doing an act which creates in the other a well-founded fear that such violence is imminent — rather than a handling or fondling.
In its order denying a new trial, the trial court rejected appellant’s argument that the evidence failed to show appellant committed the crime he was charged with and convicted of by stating:
The Court concludes that the Statute’s employment of the [disjunctive or clearly evidences the legislature’s intent to *1140 prescribe handling and fondling a child under sixteen (16) years of age, which was the gravamen of the offenses, charged, proved, and upon which the Defendant was found guilty by a jury of his peers.
We likewise reject appellant’s contention that he was charged and tried for assaults, rather than fondling or handling, in five of the six counts.[1] We further agree with the trial court that the appellant was properly found guilty of the five counts of handling and fondling and the one count of assault under section 800.04(1).
The record does not include a score-sheet, but the state concedes that 60 points were scored for victim injury: 20 points for each of the three victims for contact but no penetration. Subsequent to appellant’s sentencing, the supreme court decided Karchesky v. State, 591 So.2d 930 (Fla.1992), in which it held that points for penetration or contact cannot be scored for category two sexual offenses unless the victim injury consisted of physical trauma. Since no such victim injury evidence was presented in this case, points for victim injury should not have been scored. We do not agree with the state that the amendment to section 921.001[2] requires affirmance. Harrelson v. State, 616 So.2d 128 (Fla. 2d DCA 1993); Morales v. State, 613 So.2d 922 (Fla. 3d DCA), rev. denied, No. 81,679, 623 So.2d 494 (Fla.1993); Boland v. State, 613 So.2d 72 (Fla. 4th DCA), rev. denied, No. 81,476, 624 So.2d 268 (Fla.1993).
Accordingly we remand for resentencing at which time the state may be given the opportunity to show proof of physical trauma to a victim. Hood v. State, 603 So.2d 642, 643 (Fla. 5th DCA 1992). The court may also consider a departure sentence, if appropriate, since there was a lack of intent to impose a departure sentence. State v. Betancourt, 552 So.2d 1107, 1108 (Fla.1989); Hood, 603 So.2d at 643. See also Roberts v. State, 547 So.2d 129, 131 (Fla.1989).
AFFIRMED in part; REVERSED in part; REMANDED.
DIAMANTIS, J., concurs.
DAUKSCH, J., concurs specially, with opinion.

. The following exchange between the opposing attorneys at the beginning of the trial concerning proposed jury instructions shows that the state fully intended to prove five fondlings/han-dlings and one assault:
MR. FOX [appellant’s attorney]: I just — reverting back to the definitional instruction as to the offense which you're going to give preliminarily, in that respect will you be advising them that he did make an assault on the victim in a lewd and indecent manner by handling or fondling in a lewd and indecent manner?
MR. BURFORD [assistant state attorney]: Well, I think it applies.
MR. FOX: Both are sort of alleged.
MR. BURFORD: I agree. Some counts — well, the lewd and lascivious statute has many prongs and this particular case proves that you can commit the crime in many different ways. I think there’s five different ways alleged here in this information.
You can commit a lewd and lascivious act by handling and fondling: you can commit it by making an assault. I think five of the counts indicate, and the proof will be, that the extent of the activity was handling and fondling.
On one count it is alleged that he caused his penis to come into contact with the hand.
That is not, per se, a handling and fondling of the genitalia of the child. However, clearly that falls as lewd and lascivious assault.

. Effective April 8, 1992 section 921.001(8), Florida Statutes (Supp.1992) provides:
(8) For purposes of the statewide sentencing guidelines, if the conviction is for an offense described in chapter 794, chapter 800, or s. 826.04 and such offense includes sexual penetration, the sexual penetration must receive the score indicated for penetration or slight injury, regardless of whether there is evidence of any physical injury. If the conviction is for an offense described in chapter 794, chapter 800, or s. 826.04 and such offense does not include sexual penetration, the sexual contact must receive the score indicated for contact but no penetration, regardless of whether there is evidence of any physical injury. If the victim of an offense described in chapter 794, chapter 800, or s. 826.04 suffers any physical injury as a direct result of the primary offense or any other offense committed by the offender resulting in conviction, such physical injury must be scored separately and in addition to the points scored for the sexual contact or the sexual penetration.