626 So.2d 1038 (1993)
David WECKERLE, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1647.
District Court of Appeal of Florida, Fourth District.
November 10, 1993.
*1039 Juan F. Torres, III of Blake & Torres, P.A., Fort Pierce, Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We reverse Appellant's 1988 sentence for multiple counts of lewd and lascivious acts against a child and remand for resentencing. Boland v. State, 613 So.2d 72 (Fla. 4th DCA), rev. denied, 624 So.2d 268 (Fla. 1993); Arreola v. State, 620 So.2d 1289 (Fla. 4th DCA 1993).
The sentencing scoresheet included points for victim injury. The supreme court subsequently decided Karchesky v. State, 591 So.2d 930 (Fla. 1992), holding that points for victim injury could not validly be scored for a touching alone.
Although no objection was raised at sentencing, under these circumstances that fact is not a bar to Appellant's seeking post-judgment relief. Singleton v. State, 620 So.2d 1038 (Fla. 2d DCA 1993). We note that the subsequent amendment of section 921.001, Florida Statutes, to permit victim injury scoring for contact without trauma in a sex offense may not be applied retroactively. See Boland v. State; Singleton v. State. Upon resentencing, the trial court is not precluded from departing from the guidelines if grounds exist.
HERSEY, STONE and PARIENTE, JJ., concur.