635 So.2d 1073 (1994)
Willie James MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. 92-4098.
District Court of Appeal of Florida, First District.
May 3, 1994.
*1074 Nancy A. Daniels, Public Defender, and Nada M. Carey, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard Parker, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Senior Judge.
Willie James Mitchell has appealed from a sentence imposed after remand in Mitchell v. State, 595 So.2d 588 (Fla. 1st DCA 1992). We reverse and remand for resentencing.
Mitchell was convicted of sexual battery and burglary of a dwelling with assault, committed September 4, 1990. The guidelines scoresheet utilized at the March 26, 1991 sentencing proceeding assessed 40 points for victim injury based solely on penetration. The trial court imposed a departure sentence which, based on the invalidity of the departure reasons, this court reversed and remanded for sentencing within the guidelines. Mitchell v. State, 595 So.2d 588 (Fla. 1st DCA 1992).
On January 16, 1992, during the pendency of Mitchell's appeal, the Florida Supreme Court ruled that "penetration, which does not cause ascertainable physical injury, does not result in victim injury as contemplated by the rule for which victim-injury points may be assessed." Karchesky v. State, 591 So.2d 930, 932 (Fla. 1992). By Ch. Law 92-135, § 1, effective April 8, 1992, the Legislature amended section 921.001, Florida Statutes (1991), to provide that "if the conviction is for an offense described in chapter 794 ... and such offense includes sexual penetration, the sexual penetration must receive the score indicated for penetration or slight injury, regardless of whether there is evidence of any physical injury." § 921.001(8), Fla. Stat. (Supp. 1992) (emphasis supplied).
Mitchell came on for resentencing pursuant to Mitchell on September 1, 1992, where his guidelines scoresheet again assessed 40 points for victim injury ("moderate or penetration"). Mitchell's counsel argued that Karchesky required deletion of the points. The state responded that the points were properly scored, i.e., at the initial sentencing, Karchesky had not yet been decided, and by the time of resentencing, Karchesky had been superseded by the amendment to § 921.001. Mitchell countered that the amendment should not be applied retroactively, and that he should be resentenced under the guidelines in effect at the commission of his crime, as interpreted by Karchesky. The court adopted the state's argument, and refused to delete the points.
Mitchell contends that this was error, and we agree. Mitchell committed sexual battery in September 1990, and was sentenced using a scoresheet which included points for victim injury based solely on penetration. In January 1992, the Supreme Court ruled that "penetration which does not cause ascertainable physical injury does not result in victim injury as contemplated by the rule for which victim-injury points may be assessed." Karchesky at 932. Effective April 8, 1992, the Legislature amended section 921.001 to require that penetration be scored regardless of victim injury.
The victim injury rule applicable to Mitchell is not that in effect at the time of his resentencing, but rather at the time of his 1990 offense. Singleton v. State, 620 So.2d 1038, 1040 (Fla. 2d DCA 1993). As noted in Karchesky, effective July 1, 1987, Fla. R.Crim.P. 3.701(d)7. provided that "victim injury shall be scored for each victim physically injured during a criminal episode or transaction." The Committee Note elaborated that the "injury need not be an element of the crime charged but is limited to physical trauma" (emphasis supplied). These are the provisions in effect at the time Mitchell committed his offense, and to which Karchesky was directed. Therefore, unless the April 8, 1992 amendment allowing victim injury points for penetration applies retroactively, such points should not have been assessed against Mitchell based on penetration alone.
*1075 Numerous courts have held that the subject amendment should not be applied retroactively. See Morales v. State, 613 So.2d 922 (Fla. 3d DCA 1993); Kleshinski v. State, 620 So.2d 1303 (Fla. 2d DCA 1993); Reynolds v. State, 622 So.2d 1139 (Fla. 5th DCA 1993); Weckerle v. State, 626 So.2d 1038 (Fla. 4th DCA 1993). We agree and find that, under the circumstances of this case, victim injury points were incorrectly scored at Mitchell's September 1992 resentencing. We reverse and remand for resentencing.
The state argues that, in the event of reversal, it should be allowed to adduce evidence at the resentencing as to the existence of actual physical injury which might support the assessment of victim injury points. Mitchell maintains that the state waived its right to do so by its failure to provide such evidence at the September 1992 resentencing, where Karchesky was clearly at issue. However, there was no need for the state to present evidence of actual injury at that proceeding, based on the trial court's ruling that victim injury points were properly assessed based solely on penetration. The state should have the opportunity to present such evidence at resentencing. See Jones v. State, 615 So.2d 705 (Fla. 2d DCA 1992); Brabant v. State, 616 So.2d 1151 (Fla. 2d DCA 1993); Reynolds v. State, 622 So.2d 1139 (Fla. 5th DCA 1993).
We reverse and remand for resentencing, at which time the state may adduce evidence of actual physical injury.
KAHN, J., concurs.
BOOTH, J., dissents.