PER CURIAM.
We affirm appellant’s sentence.
Although appellant’s original sentence imposed in 1991 was not valid because it was based on a scoresheet containing victim injury points in violation of the subsequent decision by the supreme court in Karchesky v. State, 591 So.2d 930 (Fla.1992),[1] the trial court had the authority to depart from the guidelines in resentencing appellant if grounds existed. Roberts v. State, 547 So.2d 129 (Fla.1989); Weckerle v. State, 626 So.2d 1038 (Fla. 4th DCA 1993).
Appellant was convicted of sexual battery upon his daughter, who was fourteen at the time, pursuant to section 794.041(2)(b), which prohibits sexual activity with a child, between twelve and eighteen years old, by a person in familial authority.[2]
The testimony of the victim at the trial and at the original sentencing indicated that the abuse began with digital penetration when the victim was five years old and progressed to intercourse when she was twelve years old; the abuse occurred with great frequency, as much as intercourse everyday during the year when the victim lived with appellant; the victim felt ashamed and dirty all the time; the victim developed a problem with alcohol and marijuana due to the sexual abuse and as a means to forget everything; the victim was told that she would be hurt if she told anyone about the abuse; shortly after the charged incident, the victim entered a mental facility because she was suicidal; and she was going to commit suicide because she “couldn’t take [her] life anymore” and felt dirty due to her father’s sexual abuse.
Appellant was originally sentenced to nine years incarceration and ten years probation, based on a scoresheet that indicated a total of 256 points and a permitted range of 4⅛ to 9 years. This original scoresheet contained victim injury points in violation of Karchesky, which determined that victim injury points based on sexual contact or penetration per se cannot be assessed in a sexual offense case where such act does not cause actual physical *186 injury.[3] Pursuant to a rule 3.800 motion to correct the sentence, the victim injury points were eliminated and the resulting permitted range was lowered to 2½ to 5½ years incarceration.
At the resentencing hearing, the state argued that psychic injury was established by the victim’s testimony that she was suicidal, that she had to have counseling, that she had developed a problem with drinking and marijuana due to the sexual abuse by her father over the years; that, although charged with only one incident, the years of abuse had a cumulative effect on the victim; and that appellant should be given a departure sentence of nine years.
The trial court then imposed a departure sentence of nine years incarceration and ten years probation. The sentencing scoresheet indicated that the reason for departure was “mental or psychic trauma.” The trial court explained that the victim ended up in a mental hospital for twenty-eight days immediately after the charged incident because she had tried to kill herself as a result of appellant’s actions; and that it understood the cases that say “that some trauma is inherent in an offense,” but it believed that “the sort of trauma that leads someone to decide that their life is worthless, and that they should kill themselves, certainly extends beyond the normal sort of trauma that you would expect someone to suffer as a result of a sexual battery.”[4]
The general rule is that psychological trauma that is inherent in the crime of sexual battery cannot provide a valid basis for departure. Casteel v. State, 498 So.2d 1249,1253 (Fla.1986). However, as appellant recognizes, “[psychological trauma arising from extraordinary circumstances which are clearly not inherent in the [sexual battery] charged may properly serve as a clear and convincing reason for departure.” Id. (psychological trauma from knowing son witnessed sexual battery was not inherent component of sexual battery); see also Karche-sky, 591 So.2d at 932-33 (even where no ascertainable physical injury results from sexual offense, mental or psychic trauma to victim may warrant departure). We conclude that the victim here suffered extraordinary psychological trauma which provided a proper basis for departure.
ANSTEAD, GLICKSTEIN and WARNER, JJ., concur.

. Appellant did not raise the issue decided in Karchesky in his first appeal although that case was decided prior to any briefs having been filed in this court. See Nelson v. State, 605 So.2d 183 (Fla. 4th DCA 1992).

. The judgment states that appellant was convicted under section 794.041. The sentencing guidelines scoresheet and appellant's brief, apparently by mistake, state that appellant was convicted under section 794.011(4)(e), which prohibits sexual battery upon a victim who is mentally defective. Both crimes constitute first degree felonies. Presumably, the judgment represents the correct conviction. This is further supported by the fact that both the scoresheet and appellant's brief, although listing section 794.01 l(4)(e), describe the crime as a sexual battery by a person in familial authority.

. “[T|he subsequent amendment of section 921.-001, Florida Statutes, to permit victim injury scoring for contact without [actual physical] trauma in a sex offense may not be applied retroactively.” Weckerle, 626 So.2d at 1039.

. The trial court then commented, "this was a fourteen year old person when this happened.” Appellant makes the argument that in imposing a departure sentence, the trial court took into account the age of the victim, which is not a valid basis for departure because the crime for which appellant was convicted already took the age element into account. Departure cannot be based upon a component inherent in the crime itself or already factored into the guidelines' computation. Hernandez v. State, 575 So.2d 640 (Fla.1991); Trimble v. State, 591 So.2d 663 (Fla. 2d DCA 1991). Although the trial court did make a comment about the victim’s age, it clearly indicated that the basis for departure was the emotional trauma.