638 So.2d 616 (1994)
Jon Crayton SCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 94-0434.
District Court of Appeal of Florida, Fourth District.
June 29, 1994.
*617 Jon Crayton Scott, Zephyrhills, pro se appellant.
No appearance required, for appellee.
STEVENSON, Judge.
Appellant moved for post-conviction relief pursuant to rule 3.800(a) challenging his 15 year prison sentence for sexual battery on the basis that his sentencing guidelines scoresheet erroneously included additional points for victim injury where no additional injury was alleged or proven under Karchesky v. State, 591 So.2d 930 (Fla. 1992). He argues that this point reduction lessens both the permitted and recommended ranges of his scoresheet tabulation, and that the trial judge should have reflected upon a correct scoresheet prior to imposing sentence.[1] Because we agree with appellant and are not convinced to any degree of certainty that the trial judge would have imposed the same sentence in the absence of the scoresheet error, we must remand for reconsideration of the sentence.
The state concedes the sentencing scoresheet error, but argues that despite the 30 point scoring inaccuracy, appellant's 15 year sentence should be approved because it still falls within the correct permissible guideline range and was entered as a result of a plea bargain. We believe that the state's argument misses the point. The appellant pled guilty with the agreement that the trial judge would arrive at an appropriate sentence within the permissible guidelines. The trial judge's use of an incorrectly calculated scoresheet casts a cloud of doubt over the question of whether appellant would have received the same sentence had a properly prepared scoresheet been utilized. Boland v. State, 613 So.2d 72 (Fla. 4th DCA 1993), rev. denied, 624 So.2d 268 (Fla. 1993), and Sellers v. State, 578 So.2d 339 (Fla. 1st DCA 1991), approved, 586 So.2d 340 (Fla. 1991).
The 15 year sentence was in the middle of what the trial court assumed was the recommended range of 12 to 17 years, but is outside of what we now know is the correct recommended range of 9 to 12 years. A criminal defendant facing a judge for sentencing purposes is entitled to have the judge review a sentencing scoresheet which is without substantial inaccuracy prior to imposing sentence.
The purpose of the sentencing guidelines is to establish a uniform set of standards to guide the sentencing judge in the sentence decisionmaking process. The guidelines represent a synthesis of current sentencing theory, historical sentencing practices, and a rational approach to managing correctional resources. The sentencing guidelines are intended to eliminate unwarranted variation in the sentencing process by reducing the subjectivity in interpreting offense-related and offender-related criteria and in defining the relative importance of those criteria in the sentencing decision.
Section 921.001(4), Florida Statutes (1993).
Because the trial judge might have imposed a different sentence had he had the benefit of an accurate scoresheet, the sentence must be vacated. Accordingly, we vacate *618 the sentence and remand for resentencing.
VACATED AND REMANDED.
STONE and KLEIN, JJ., concur.
NOTES
[1] The proper recommended range should have been 9 to 12 years rather than 12 to 17 years; the permitted range should have been 7 to 17 years rather than 9 to 22 years.