640 So.2d 1160 (1994)
Gerald Allen FULKROAD, Appellant,
v.
STATE of Florida, Appellee.
No. 93-00641.
District Court of Appeal of Florida, Second District.
July 1, 1994.
Gregory N. Burns, Fort Myers, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Susan D. Dunlevy, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Chief Judge.
Gerald Allen Fulkroad has appealed from the denial of his motion to correct an illegal sentence. Fulkroad pleaded nolo contendere to engaging in sexual activity with a child while in a position of familial or custodial authority, a violation of section 794.041(2)(b), Florida Statutes (1989). He committed the offense on a date falling between November 1, 1990, and June 30, 1991. He was sentenced in accordance with the guidelines on March 30, 1992. The scoresheet utilized at sentencing reveals 40 points for victim injury based solely upon penetration. Fulkroad contends that this assessment was unlawful, and we agree.
In Karchesky v. State, 591 So.2d 930, 932 (Fla. 1992), the supreme court ruled that "penetration, which does not cause ascertainable physical injury, does not result in victim injury as contemplated by the rule for which victim-injury points may be assessed." The Florida Legislature amended section 921.001, Florida Statutes (1991), effective April 8, 1992, to reflect its intention that penetration be scored regardless of physical *1161 injury.[1] The amendment cannot be retrospectively applied. See Mitchell v. State, 635 So.2d 1073 (Fla. 1st DCA 1994); Weckerle v. State, 626 So.2d 1038 (Fla. 4th DCA 1993); Kleshinski v. State, 620 So.2d 1303 (Fla. 2d DCA 1993); Harrelson v. State, 616 So.2d 128 (Fla. 2d DCA), rev. den., 624 So.2d 268 (Fla. 1993); Reynolds v. State, 622 So.2d 1139 (Fla. 5th DCA 1993); Morales v. State, 613 So.2d 922 (Fla. 3d DCA), rev. den., 623 So.2d 494 (Fla. 1993). Thus, the victim injury rule applicable to Fulkroad is the one in effect at the time of his offense. Karchesky, construing Florida Rule of Criminal Procedure 3.701(d)7, the rule in effect at the time Fulkroad committed his crime, foreclosed the trial court from scoring victim injury points for penetration unless, of course, the sexual contact with which he was charged resulted in an ascertainable physical trauma. In the absence of evidence that the victim in this case endured physical trauma, the 40 points for victim injury should not have been scored.
Accordingly, we reverse and remand. The trial court may again deny the motion but only if, after reviewing the court's file and record, or conducting an evidentiary hearing, it determines that actual physical injury, wholly apart from penetration, occurred. If, on the other hand, no physical injury is proved, the scoresheet must be corrected and Fulkroad resentenced. See Harrelson; Jones v. State, 615 So.2d 705 (Fla. 2d DCA 1992).
Reversed and remanded.
PATTERSON and FULMER, JJ., concur.
NOTES
[1] Chapter 92-135, § 1, Laws of Florida, establishes, for purposes of the statewide sentencing guidelines, that "if the conviction is for an offense described in chapter 794 ... and such offense includes sexual penetration, the sexual penetration must receive the score indicated for penetration or slight injury, regardless of whether there is evidence of any physical injury."