ON MOTION FOR REHEARING

W. SHARP, Judge.
Patterson moves for rehearing, citing two cases which were decided after we affirmed his conviction and sentence in a capital sexual battery case.[1] See Fulkroad v. State, 640 So.2d 1160 (Fla. 2d DCA 1994) and Scott v. State, 638 So.2d 616 (Fla. 4th DCA 1994). He was also convicted of two counts of committing a lewd act on a child.[2] We grant his motion for rehearing and withdraw our PCA, replacing it with the following opinion.
We affirm Patterson’s convictions and judgment on all counts but we find the trial court erroneously included victim injury points for penetration in calculating the sentencing guidelines scoresheet. At the time this sexual battery was committed, section 921.001(8) was not in effect. That statute now provides:
[I]f ... such offense includes sexual penetration, the sexual penetration must receive the score indicated for penetration or slight injury, regardless of whether there is evidence of any physical injury.
Karchesky v. State, 591 So.2d 930 (Fla.1992) controls this case because it was the law of this state when the crime occurred. Fulkroad; Scott. Karchesky holds that victim injury points cannot be assessed for penetration in a sexual battery ease, but only for other physical injury. None was proved in this case.
The removal of victim injury points from Patterson’s scoresheet makes his sentence fall at the far end of the permissible range rather than the middle of the recommended range. In this case, the trial judge may have intended to impose a sentence in the recommended range rather than the permitted range, as evidenced by the original sentence imposed. Thus, in fairness to Patterson, the judge should be given a chance to resentence him, pursuant to a corrected scoresheet. Horne v. State, 593 So.2d 309 (Fla. 5th DCA 1992); Scott.
Accordingly, we affirm the adjudication of guilt, vacate the sentence, and remand with directions to resentence Patterson pursuant to a corrected scoresheet.
AFFIRMED in part; Sentence VACATED; REMANDED to Resentence.
GOSHORN and THOMPSON, JJ., concur.

. § 794.011(2), Fla.Stat. (1989).

. § 800.04(1), Fla.Stat. (1989).