W. SHARP, Judge.
Perry argues the two 30-year concurrent sentences he received for sexual battery,[1] kidnapping,[2] and uttering a forgery,[3] are in excess of the sentencing guidelines because the scoresheet included 40 points for victim injury based solely on “penetration.”[4] The crimes were committed in 1990. He was sentenced in 1994 after violating his probation. We agree and vacate Perry’s sentences.
The state concedes that at the time the offenses were committed, victim injury points could not be assessed for “penetration” alone. Karchesky v. State, 591 So.2d 930 (Fla.1992); Patterson v. State, 641 So.2d 456 (Fla. 5th DCA 1994); Goodwin v. State, 600 So.2d 1310 (Fla. 5th DCA 1992). Although the legislature amended section 921.001 in 1992 to allow victim injury points to be assessed for “penetration,”[5] this amendment cannot be retroactively applied to crimes committed prior to its effective date. Fulkroad v. State, 640 So.2d 1160 (Fla. 2d DCA 1994), rev. denied, 649 So.2d 235 (Fla.1994); Mitchell v. State, 635 So.2d 1073 (Fla. 1st DCA 1994); Weckerle v. State, 626 So.2d 1038 (Fla. 4th DCA 1993); Harrelson v. State, 616 So.2d 128 (Fla. 2d DCA 1993), rev. denied, 624 So.2d 268 (Fla.1993); Morales v. State, 613 So.2d 922 (Fla. 3d DCA), rev. denied, 623 So.2d 494 (Fla.1993).
*1115 In this case, the judge sentenced Perry to two concurrent 30-year prison sentences for sexual battery and kidnapping and 5 years for uttering a forgery, to run concurrent with the two 30-year sentences. If the 40 victim injury points are deducted from the total score (436 - 40 = 396), Perry should have been sentenced in the lower bracket, which would have allowed a “permitted” prison term of 9 to 22 years. Bumping the bracket up because of the violation of probation[6] would have permitted a higher sentencing range of 12 to 27 years. But, a 30-year sentence in this case constitutes a “departure” without written reasons, although it is clear the trial judge did not intend to impose a departure sentence.
Accordingly, we vacate the sentences and remand for resentencing pursuant to a corrected score sheet.
Sentences VACATED; REMANDED.
HARRIS, C.J., concurs and concurs specially with opinion.
GRIFFIN, J., dissents with opinion.

. § 794.011(5), Fla.Stat. (1989).

. § 787.01, Fla.Stat. (1989).

. § 831.02, Fla.Stat. (1989).

. In this record the scoresheet form assessing points gives the option of "moderate or penetration;” and is filled in "penetration.” I fail to see how this record creates any doubt or ambiguity about why the 40 victim injury points were assessed. It could only have been for penetration.

.Ch. 92-135, Laws of Florida (1992).

. Fla.R.Crim.P. 3.701d.l4.