SHAHOOD, Judge.
Petitioner Glenn Smith filed a 171-page pro se petition for writ of habeas corpus in which he raised claims of ineffective assistance of appellate counsel in issues “a” through “t.” We find all issues to be without merit, except issue “p,” and deny the petition as to those issues. As to issue “p,” we grant the petition and reverse and remand for re-sentencing with a corrected scoresheet.
Petitioner was found guilty by a jury of two counts of capital sexual battery, one count of lewd act on a child, and one count of simple assault. He was sentenced to consecutive terms of life in prison with a twenty-five year mandatory minimum on the sexual battery counts, sixty days on the assault charge and fifteen years in prison on the lewd act count to run consecutive to the counts for sexual battery. The sentence imposed on the lewd act count was an upward departure sentence from the guidelines, based on two unscored capital sexual battery convictions. The offenses on which the convictions were based were committed in 1989 and 1990. Petitioner appealed those convictions and sentences; the appeal resulted in an affirmance by this court in 1993.
During the pendency of the appeal, the Florida Supreme Court rendered its decision in Karchesky v. State, 591 So.2d 930 (Fla. 1992), superseded by statute, Harrelson v. State, 616 So.2d 128 (Fla. 2d DCA 1993), and held that points for victim injury could not be scored for a touching alone. In 1992, section 921.001, Florida Statutes, was amended to permit victim injury scoring for contact without trauma in a sexual offense; however, the amendment may not be applied retroactively to permit such scoring. Weckerle v. State, 626 So.2d 1038 (Fla. 4th DCA 1993). The applicable rule is the one in existence at the time of the offense, not at the time of sentencing or appeal. Singleton v. State, 620 So.2d 1038 (Fla. 2d DCA 1993).
At the time of the offense at issue here, rule 3.701(d)(7) of the Florida Rules of Criminal Procedure provided that victim injury should be scored for victims physically injured during a criminal episode or transaction. The victim in this ease was not physically injured; however, petitioner was sentenced in 1992 based on a guidelines scoresheet totalling 183 points, which included twenty points for victim injury. If the twenty points for victim injury were deducted from his scoresheet his revised total would have been 163 points, within the range of 149-169 points, one cell lower than the cell within which he was sentenced.[1]
An upward departure sentence based upon an erroneously calculated guidelines scoresheet can be upheld only if the trial court demonstrated that the departure sentence would have been imposed notwithstanding the scoresheet error. We are compelled to reverse in the absence of evidence disclosing beyond a reasonable doubt that the trial court would have departed to the extent it did, notwithstanding the fact that the presumptive sentence was less than that indicated by the scoresheet. Brown v. State, *988 508 So.2d 522 (Fla. 2d DCA 1987); see also Parker v. State, 478 So.2d 823 (Fla. 2d DCA 1985), and Scott v. State, 469 So.2d 865 (Fla. 1st DCA 1985), approved in part, disapproved in part, 508 So.2d 335 (Fla.1987).
Upon remand, the trial court is directed to resentence the petitioner utilizing a corrected seoresheet, and, if appropriate grounds exist, to depart from the guidelines.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART FOR RE-SENTENCING.
GLICKSTEIN and PARIENTE, JJ., concur.

. The one-cell decrease lowers the permitted range from community control to one to three and one-half years in prison, to any non-state prison sanction. See Fla.R.Crim.P. 3.988(b).