NORTHCUTT, Judge.
Rollie Lee Baker appeals an order summarily denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). As to three of his claims, we affirm without comment. We reverse the' remaining claim and remand with instructions.
A jury found Baker guilty of two counts of sexual battery and one count of misdemeanor battery. Baker was sentenced to eighteen years in prison for the sexual battery counts concurrent with six months in prison on the misdemeanor battery count. This court affirmed his convictions and sentences in Baker v. State, 746 So.2d 452 (Fla. 2d DCA 1999).
Baker subsequently moved for relief pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). The circuit court granted his motion and, based on a 1994 sentencing guidelines scoresheet, resentenced him to fifteen years in prison on the sexual battery counts concurrent with six months on the misdemeanor battery count.
Baker appealed these sentences, contending that they are illegal because the 1994 guidelines should not have been applied to his sexual battery counts. Specifically, he pointed out that there was no specific finding of offense dates. The information filed against Baker alleged that the crime charged in one sexual battery count took place between May 1, 1992, and June 22, 1996, and that the other sexual battery count took place between January 15,1995, and June 22,1996. Baker asserted that because the time frame alleged in the information “straddles different sentencing guidelines time frames,” he should have been resentenced to the most lenient version of the guidelines in effect during the time frame alleged in the information. The State conceded that Baker should have been sentenced under the 1992 guidelines on one sexual battery count. See Cairl v. State, 833 So.2d 312 (Fla. 2d DCA 2003).[1] But it argued correctly that this issue had not been preserved either by objection at the sentencing hearing or by a motion to correct the sentence pursuant to Florida Rule of Criminal Procedure 3.800(b).
That so, we affirmed the sentences without prejudice to Baker’s pursuit of any postconviction relief to which he might be entitled. Baker v. State, 862 So.2d 96 (Fla. 2d DCA 2003). Baker proceeded accordingly and asserted the claim in the motion giving rise to the order under review, but the circuit court denied the claim as having been previously addressed and affirmed on appeal. As can be seen, the court’s belief in this regard was mistaken; when affirming Baker’s sentences, we contemplated that he would thereafter seek the very relief he then attempted. Accordingly, we reverse the summary denial of this claim and direct the circuit court to reconsider it in light of this opinion.
*898 Affirmed in part; reversed in part; and remanded.
CANADY and VILLANTI, JJ., Concur.

. The two relevant sentencing guidelines time frames are (1) April 8, 1992, to December 31, 1993, during which Karchesky v. State, 591 So.2d 930 (Fla.1992), was abrogated by statute, see § 921.001, Fla. Stat. (Supp.1992); Fulkroad v. State, 640 So.2d 1160 (Fla. 2d DCA 1994) and (2) January 1, 1994, to February 4, 1997, during which the 1994 guidelines apply, see Mays v. State, 111 So.2d 515 (Fla.1998); Trapp v. State, 760 So.2d 924 (Fla.2000).