488 So.2d 532 (1986)
Roosevelt DAILEY, Petitioner,
v.
STATE of Florida, Respondent.
No. 67381.
Supreme Court of Florida.
May 22, 1986.
*533 Michael E. Allen, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Jim Smith, Attorney General and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for respondent.
McDONALD, Justice.
We accepted jurisdiction to answer the following question of great public interest:
DOES THE CONTEMPORANEOUS OBJECTION RULE APPLY TO PRECLUDE APPELLATE REVIEW OF AN ALLEGED SENTENCING ERROR UNDER THE GUIDELINES WHERE THE ERROR CLAIMED INVOLVES FACTUAL MATTERS THAT ARE NOT APPARENT OR DETERMINABLE FROM THE RECORD ON APPEAL?
Dailey v. State, 471 So.2d 1349, 1351 (Fla. 1st DCA 1985). We answer the question in the affirmative and approve the decision of the district court on this issue. As stated by the district court:
Dailey contends that points were improperly added to the guidelines form because he was not under legal constraint at the time of the original offense and because there was no supporting evidence for the victim injury scoring. The proposed guidelines form was before the trial court at the time of sentencing as required by Rule 3.701(d)(1), Florida Rules of Criminal Procedure. Dailey raised no contemporaneous objection as to those points which he now appeals. The facts here are unlike those in State v. Rhoden, 448 So.2d 1013 (Fla. 1984), Walker v. State, 462 So.2d 452 (Fla. 1985), and State v. Snow, 462 So.2d 455 (Fla. 1985), in which the Supreme Court held that a defendant may raise sentencing errors on appeal even though not preserved by contemporaneous objection. The issues asserted in Rhoden, Walker, and Snow, supra, relate to errors that were apparent and determinable from the record before the appellate court because all three cases involved the mandatory duty of the trial court to make affirmative findings on the record, which findings were not made.
In the instant case, however, the errors sought to be asserted on appeal (1) were not objected to below, and (2) are not determinable from the record before us. There was no failure of the court to make affirmative findings required by law. It is incumbent upon defense counsel to raise, at the trial level, any objections to underlying factual matters supporting the factors on the scoresheet. Here, counsel did not object to either of the issues now asserted, there is no ruling by the trial court, and there is no record supporting either the pro or con of appellant's contentions on appeal. Sentencing errors may be reviewed on appeal, even in the absence of a contemporaneous objection, if the errors are apparent from the four corners of the record. Thus, errors such as those in Rhoden, supra, Walker, supra, and Snow, supra, involving the trial court's *534 failure to make an affirmative finding required by the mandate of a statute, appear on the face of the record and are subject to appellate review. The errors asserted here require an evidentiary determination and may not be initially raised in this court.
Id. at 1350-51 (footnotes omitted).
We contrast this opinion with our opinion in State v. Whitfield, 487 So.2d 1045 (Fla. 1986). In Whitfield it was apparent from the record that points had been scored for victim injury when Whitfield had been convicted of aggravated assault, a crime not involving victim injury. Dailey, on the other hand, was convicted of aggravated battery, a crime that denotes some injury. In Whitfield we stated: "Sentencing errors which do not produce an illegal sentence still require a contemporaneous objection if they are to be preserved for appeal." Id., at 1046.
This record does not disclose that Dailey's sentence was illegal and, under his circumstances, Dailey's failure to contest the correctness of his scoresheet at the trial level precludes appellate review thereof. We therefore answer the certified question in the affirmative and approve the district court's opinion.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.