529 So.2d 1272 (1988)
George ENGLISH, Appellant,
v.
STATE of Florida, Appellee.
No. 86-3189.
District Court of Appeal of Florida, Second District.
August 24, 1988.
*1273 James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The appellant, George English, challenges the judgment and sentence imposed upon him after he was found guilty of aggravated child abuse. We find no error in connection with appellant's conviction and, accordingly, affirm the judgment. We agree, however, with the appellant's contention that the trial court erred in scoring unverified prior convictions on the appellant's guidelines scoresheet.
After a jury found the appellant guilty of aggravated child abuse, the trial court adjudicated him guilty of this offense. At the sentencing hearing, the appellant objected to the scoring of certain Canadian felonies contained in the presentence investigation report. Despite the appellant's objection, the trial court did not require the state to verify the alleged Canadian convictions. These offenses were scored as prior record, and the appellant was sentenced to seven years imprisonment within the guidelines range. This timely appeal followed.
Since the appellant contested the Canadian felonies, the trial court improperly included them as prior record on the appellant's scoresheet without requiring the state to establish their veracity. See Davis v. State, 463 So.2d 398 (Fla. 1st DCA 1985); Vandeneynden v. State, 478 So.2d 429 (Fla. 5th DCA 1985). See also, Eutsey v. State, 383 So.2d 219 (Fla. 1980). Scoring the disputed convictions placed the appellant in a higher guidelines sentencing range and, therefore, constitutes reversible error. Davis.
We, accordingly, reverse the appellant's sentence and remand for resentencing. At resentencing, if the state is unable to verify the disputed convictions, the trial court must strike them from the appellant's guidelines scoresheet.
Affirmed in part, reversed in part, and remanded with instructions.
SCHOONOVER, A.C.J., and FRANK and HALL, JJ., concur.