603 So.2d 642 (1992)
William HOOD, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2400.
District Court of Appeal of Florida, Fifth District.
August 7, 1992.
*643 James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
William Hood appeals from the sentences imposed following his guilty pleas to four counts of lewd, lascivious, or indecent acts upon a child.[1] Hood argues that the trial court erred by scoring 80 victim injury points (20 points times 4 counts) for "slight or contact but no penetration" because there was no evidence the victim suffered physical trauma.
The State acknowledges that pursuant to Karchesky v. State, 591 So.2d 930, 932 (Fla. 1992), which was decided after Hood was sentenced, the trial court should not have scored victim injury points for those sentences in the absence of evidence of physical trauma. However, the State contends that any objection to the scoresheet is waived because Hood made no objection at the time of sentencing. We reject this contention because Hood was sentenced in accordance with the then existing law. See Moore v. State, 469 So.2d 947 (Fla. 5th DCA 1985), quashed on other grounds, 489 So.2d 1130 (Fla. 1986). Therefore, Hood had no basis for an objection at that time. Hood cannot be required to foresee changes in the law occurring while his appeal was pending.
Accordingly, Hood's 12 year concurrent sentences for lewd and lascivious conduct are reversed and remanded for resentencing. At the resentencing hearing, the State shall be allowed to offer proof of physical trauma to the victim. Furthermore, because the record indicates that the trial judge did not intend to impose a departure sentence, the trial judge is not required to impose a guidelines sentence on remand. State v. Betancourt, 552 So.2d 1107, 1108 (Fla. 1989); Wood v. State, 593 So.2d 557, 557-58 (Fla. 5th DCA 1992).
Convictions AFFIRMED; Sentences REVERSED in part; REMANDED.
GOSHORN, C.J., and COBB and DIAMANTIS, JJ., concur.
NOTES
[1] § 800.04(1), Fla. Stat. (1991). Hood also pled guilty to three counts of capital sexual battery, but concedes on appeal that the sentences for these counts were proper.