608 So.2d 528 (1992)
Joe PERRYMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1722.
District Court of Appeal of Florida, First District.
November 10, 1992.
Rehearing Denied December 15, 1992.
Nancy A. Daniels, Public Defender, and Abel Gomez, Assistant Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Wendy S. Morris, Asst. Atty. Gen., Tallahassee, for appellee.
ALLEN, Judge.
The appellant challenges a guidelines sentence imposed under a "Category 2: Sexual Offense" scoresheet, contending that points should not have been assessed for victim injury. In making this argument, the appellant relies on Karchesky v. State, 591 So.2d 930 (Fla. 1992), which emphasizes that victim injury is limited to physical trauma, so that for sexual offenses victim injury should not be scored for intercourse or penetration which does not cause ascertainable physical injury.
Although the appellant now disputes the scoresheet computation, he did not raise such an objection or otherwise preserve the issue below. Instead, the appellant advised the court that the computation was correct, and he expressly agreed to the assessment of points for victim injury. In these circumstances, the issue has not been preserved for appellate review. See Dailey v. State, 488 So.2d 532 (Fla. 1986).
We acknowledge that our application of Dailey is inconsistent with Hood v. State, 603 So.2d 642 (Fla. 5th DCA 1992). See also, Morris v. State, 605 So.2d 511 (Fla. 2d DCA 1992). But neither Hood nor Morris discusses Dailey, which, like the present case, involved an issue as to the sufficiency of the evidence to support an assessment *529 of points for victim injury. In a different context, the supreme court recently stressed the continuing vitality of Dailey with regard to factual matters which may not be apparent from the record. See Taylor v. State, 601 So.2d 540 (Fla. 1992).
Because the appellant failed to preserve the issue for appeal, we decline to consider his argument on the merits. The challenged sentence is affirmed.
MINER and KAHN, JJ., concur.