620 So.2d 1038 (1993)
Edward Allen SINGLETON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-01611.
District Court of Appeal of Florida, Second District.
June 4, 1993.
Rehearing Denied July 8, 1993.
*1039 James Marion Moorman, Public Defender, and A. Anne Owens, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
Edward Allen Singleton has appealed from the sentence imposed upon him following convictions for two counts of sexual battery and four counts of lewd and lascivious acts on children under 16 years. The basis for his appeal is improper scoring of victim injury points. The record does not reflect that the victims suffered actual physical trauma and, therefore, according to Karchesky v. State, 591 So.2d 930 (Fla. 1992), the victim injury points should not have been added. There may be support, however, for a conclusion that the molested boys suffered psychological trauma. Should the judge on remand make such a finding, he may use it as a ground for departure from the guidelines. See Karchesky.
There are also two points related to the scoring of victim injury that require comment. First, relying upon Perryman v. State, 608 So.2d 528 (Fla. 1st DCA 1992), the state advances the contention that Singleton's attack upon the trial court's assessment of victim injury points is barred for lack of contemporaneous objection. We have rejected that view in Morris v. State, 605 So.2d 511 (Fla. 2d DCA 1992); see also Linkous v. State, 618 So.2d 294 18 Fla. L. Weekly D1074 (Fla. 2d DCA 1993) (noted conflict with Perryman). Second, the state argues that the amendment to section 921.001, Florida Statutes (Supp. 1992),[1] mandates affirmance because it went into effect on April 8, 1992  the date of Singleton's sentencing. One court has *1040 held that the amendment is to be applied prospectively, Morales v. State, 613 So.2d 922 (Fla. 3d DCA 1993), and we also subscribe to the view that the applicable rule is the one which existed at the time of the offense, not sentencing.
The reduction of Singleton's sentencing score by the number of victim injury points would result in a recommended range one cell lower. The permitted range would also be similarly lower  9 to 22 years rather than the 12 to 27 years upon which the court relied in imposing concurrent prison terms of 15 years on all counts, followed by 10 years of probation on the sexual battery counts. Even though Singleton's sentence is within the new permitted range, the scoresheet error in this case cannot be harmless because the court originally sentenced him to a term at the low end of the permitted range. See Boland v. State, 613 So.2d 72 (Fla. 4th DCA 1993). Because the court did not have the benefit of Karchesky at sentencing, however, it may impose a departure sentence on remand if supported by appropriate reasons. Id.
Reversed and remanded for resentencing.
RYDER, A.C.J., and BLUE, J., concur.
NOTES
[1] Section 921.001(8), Florida Statuts (Supp. 1992), provides as follows:

For purposes of the statewide sentencing guidelines, if the conviction is for an offense described in chapter 794, chapter 800, or s. 826.04 and such offense includes sexual penetration, the sexual penetration must receive the score indicated for penetration or slight injury, regardless of whether there is evidence of any physical injury. If the conviction is for an offense described in chapter 794, chapter 800, or s. 826.04 and such offense does not include sexual penetration, the sexual contact must receive the score indicated for contact but no penetration, regardless of whether there is evidence of any physical injury. If the victim of an offense described in chapter 794, chapter 800, or s. 826.04 suffers any physical injury as a direct result of the primary offense or any other offense committed by the offender resulting in conviction, such physical injury must be scored separately and in addition to the points scored for the sexual contact or the sexual penetration.