625 So.2d 1273 (1993)
Dewayne Jermaine PINACLE, Appellant,
v.
The STATE of Florida, Appellee.
No. 92-3.
District Court of Appeal of Florida, Third District.
October 12, 1993.
Rehearing Denied November 23, 1993.
Jeffery P. Raffle, Miami, for appellant.
Robert A. Butterworth, Atty. Gen. and Giselle D. Lylen, Asst. Atty. Gen., for appellee.
Before NESBITT, FERGUSON and GODERICH, JJ.
PER CURIAM.
The defendant, Dewayne Jermaine Pinacle, appeals the sentences he received as a result of his convictions on various charges. We affirm.
As the victim pulled up to her home, a car occupied by two men pulled up next to her car. The defendant got out, approached her car, put a gun to her head and demanded her jewelry and her purse. The defendant ordered the victim to get into his car and to remove her clothing. Then, they abducted her taking her to another location and both men had forcible intercourse at gunpoint with the victim. While driving, the codefendant loaded the gun in the victim's presence and told her that they were going to kill her. They stopped at an automatic teller machine and forced the victim to withdraw money. Then, they drove her home. While the codefendant accompanied the victim into her home, the defendant ransacked the victim's car. The defendant was charged with and convicted of armed burglary of an occupied dwelling (count I); armed burglary of an *1274 automobile (counts II-III); armed robbery (counts IV-VI); armed sexual battery (count VII); armed kidnapping (count VIII); and petit theft (count X).
At the sentencing hearing, the state submitted a sentencing guidelines score sheet totalling 517 points. Defense counsel did not specifically object when the trial court assessed forty points for "penetration or slight injury" rather than twenty points for "contact but no penetration" because the additional twenty points would not affect the sentencing range. Then, the trial court announced that it had discovered a delinquency order issued six weeks prior to the instant offense placing the defendant on a program of community control. Based upon this order, the trial court added another thirty points to the score sheet. This brought the total to 547 points and raised the recommended range to twenty-seven to forty years and the permitted range to twenty-two years to life imprisonment. Defense counsel objected and requested the opportunity to investigate the circumstances surrounding the delinquency order. The court overruled the objection and denied the request for additional time.
The defendant was sentenced to eight concurrent life sentences on the first eight counts which sentences were to include two consecutive minimum mandatory three year sentences for counts III and VII. The trial court did not consider the sentence as a departure. However, the trial court entered written reasons for departure in the event that the sentences were later to be considered guideline departures. The defendant appealed raising several sentencing issues.
First, the defendant, relying on Karchesky v. State, 591 So.2d 930 (Fla. 1992), contends that the trial court erred in assessing forty points for victim injury on the sentencing guidelines score sheet where the victim in this sexual battery case did not suffer any ascertainable physical injury, apart from the sexual penetration itself. However, the defendant never made a specific objection to the addition of any points for victim injury. Without the appropriate objection, this issue has not been preserved for appellate review. Perryman v. State, 608 So.2d 528 (Fla. 1st DCA 1992), rev. denied, 621 So.2d 432 (Fla. 1993).
Second, the defendant contends that the trial court improperly assessed thirty points on the sentencing score sheet on the grounds that the defendant was "under legal restraint" at the time of the instant crimes where the defendant challenged the voluntariness of the plea entered in the previous juvenile case, the quality of legal advice provided, and the nature of the order which imposed the community control. We disagree.
The defendant cannot raise questions about the juvenile case during the instant case. The question of voluntariness of the prior plea or effectiveness of counsel for that plea should be raised by an appeal of the juvenile case. Thus, the only issue with regard to the assessment of points is whether the defendant was under legal constraint at the time of the instant offense.
The rules of criminal procedure allow a defendant's sentence to be enhanced based on his juvenile convictions. Fla.R.Crim.P. 3.701 and 3.988; see State v. Young, 561 So.2d 583 (Fla. 1990); Ingraham v. State, 502 So.2d 987 (Fla. 3d DCA), rev. denied, 511 So.2d 999 (Fla. 1987). In the instant case, we find that the trial court properly assessed points for prior restraint where the defendant knew he was under constraint, where he did not deny that the prior conviction existed or contend that the certified prior conviction was erroneous, and where he never moved to have the prior convictions vacated.
Third, the defendant contends that the trial court erred in imposing two consecutive minimum mandatory three year sentences for use of a firearm during a car burglary and a subsequent sexual battery where these offenses constituted a single continuous episode. We disagree.
The trial court appropriately entered consecutive minimum mandatory sentences for armed burglary and armed sexual battery since the crimes were distinct in their elements and occurred at different times and locations. See Ross v. State, 493 So.2d 1015 *1275 (Fla. 1986); Murray v. State, 491 So.2d 1120 (Fla. 1986).
We do not need to address the defendant's remaining contention since the sentence imposed by the trial court is permissible under the guidelines. Based upon the foregoing arguments, we affirm the sentences imposed below.