629 So.2d 955 (1993)
Emilus FENELON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1001.
District Court of Appeal of Florida, Fourth District.
December 15, 1993.
Rehearing Denied February 8, 1994.
Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melynda L. Melear, Asst. Atty. Gen., West Palm Beach, for appellee.
FARMER, Judge.
Defendant was charged with one count of sexual activity with a child by a person in familial authority[1] and one count of capital sexual battery.[2] He was convicted of the sexual activity count as charged and of the lesser included offense of attempted sexual battery on a child less than 12 years of age by a person over the age of 12. On appeal he argues error in the admission of a tape recorded statement by the victim, in the assessment of additional points for victim injury, and in the assessment of the costs of prosecution. We affirm his convictions without further comment, finding no error in the admission of the tape recording.
*956 As to the additional points on his guidelines scoresheet, defendant argues that the victim's resulting pregnancy and childbirth is not the kind of physical trauma that authorizes additional points where the victim of a sexual crime has suffered an injury. In Karchesky v. State, 591 So.2d 930 (Fla. 1992), where the defendant had been convicted in 1986 only of carnal intercourse with an unmarried person under 18,[3] the court held that the 1986 version of the sentencing guidelines[4] did not authorize additional points for victim injury for the crime that was the subject of the conviction where "penetration does not cause ascertainable physical injury." In so doing, the court cited with approval Thompson v. State, 483 So.2d 1 (Fla. 2d DCA 1985), where the crime was the same as in Karchesky, i.e., carnal intercourse of an unmarried child under 18.[5] As the court pointed out in Karchesky, 591 So.2d at 932, the guidelines were changed in July 1987 to authorize points for physical trauma, even where the injury is not an element of the crime.[6] Thus the very basis for the decisions in both Karchesky and Thompson was abrogated by the 1987 guidelines amendment.
We have trouble taking seriously defendant's contention that pregnancy and childbirth do not equate with physical injury. The 1987 amendment included the following explanation: "The injury need not be an element of the crime for which the defendant is convicted, but is limited to physical trauma." [e.s.] We have no trouble in recognizing what the drafters of the rule change undoubtedly knew  that pregnancy and childbirth resulting from a sexual battery constitute physical injury. There was no error in the additional points for the physical trauma experienced by this victim.
We do, however, reverse the award of prosecution costs because the state simply failed to adduce any evidence to document its expenses. In all other respects the convictions and sentences are affirmed.
CONVICTION AND SENTENCES AFFIRMED; COSTS OF PROSECUTION REVERSED.
DELL, C.J., and GUNTHER, J., concur.
NOTES
[1] See § 794.041(2)(b), Fla. Stat. (1991).
[2] See § 794.011(2), Fla. Stat. (1991).
[3] See Karchesky v. State, 509 So.2d 403 (Fla. 5th DCA 1987).
[4] See Fla.R.Crim.P. 3.701(d)(7) (1986) ("Victim injury shall be scored if it is an element of any offenses at conviction.").
[5] Although the Thompson court mentions that the victim became pregnant and delivered a child in its account of the background facts, it never discussed whether that pregnancy/childbirth constitutes physical injury within the meaning of the pre-1987 version of rule 3.701(d)(7). That omission is unsurprising because that injury too does not constitute an element of the offense of carnal intercourse with a child under 18. Hence, we do not read Thompson as expressing any decision on the precise issue presented in the case we review today.
[6] See Fla.R.Crim.P. 3.701(d)(7) (1987) ("Victim injury shall be scored for each victim physically injured during a criminal episode or transaction.") The current version of the same rule shows further amendment: "Victim injury shall be scored for each victim physically injured during a criminal episode or transaction, and for each count resulting in such injury whether there are one or more victims."