DAVIS, Judge.
Appellant, George W. Lake, appeals from a final order imposing judgment and sentence, raising two issues. The first issue concerns the legality, under the sentencing guidelines, of the sentence imposed. The second issue is whether the trial court erred in setting the amount of restitution required. We affirm in part, reverse in part and remand for clarification of the court’s intent in setting the sentence.
We hold that the trial court did not err in imposing a requirement of restitution to the victims in the amount of $15,000. The arrest affidavit indicated the total value of the items stolen was $45,000. The transcript of the sentencing hearing indicates that there was a prior restitution hearing. The State asserted that the testimony at the restitution hearing established that “restitution was in the area of 30 or $40,000,” and that “a minimum of property that Mr. Lake actually sold to the pawn shop was an amount of $15,000 ...” Thus, all the evidence in the record on appeal indicates that the trial court ordered restitution based upon the crime of dealing in stolen merchandise and not based upon the total value of the items burgled.
Mr. Lake argues that his sentence is illegal under the sentencing guidelines because the trial court erroneously scored his prior Maryland conviction for possession of heroin as a second degree felony rather than a third degree felony. Counsel for Mr. Lake objected at the sentencing hearing to the scoring of the Maryland conviction as a second degree felony. He, however, presented no factual basis for this objection to the trial court. Based upon Florida law existing at the time of the Maryland conviction, the conviction would have been a second degree felony if it was a second or greater offense, and it would have been a third degree felony if it was a first offense. Because defense counsel failed to articulate the basis for the objection, no factual record was made with regard to the determinative issue of whether the Maryland conviction was a first offense. This objection was therefore not properly preserved, see Dailey v. State, 488 So.2d 532 (Fla.1986). However, because of the confusion appearing in the record on appeal from both the sentencing hearing and the score-sheet, with regard to the effect of the Mary *146 land conviction on Mr. Lake’s sentence, we are constrained to reverse and remand to the trial court to clarify how it, in fact, classified the Maryland conviction.
The transcript of the sentencing hearing and the scoresheet utilized by the trial court to determine sentence leave us in doubt as to whether the trial court actually intended to score the Maryland conviction as a second degree rather than third degree felony. Defense counsel made no references at that hearing to a different Maryland conviction for possession of drug paraphernalia. Yet the State conceded “Judge, the defendant’s attorney does point out a fact that I will agreed (sic) to, that is the possession of paraphernalia charge is a third degree felony ... which will be marked on the court’s copy by stipulation.” Further, the court’s copy of the sentencing guidelines scoresheet shows possession of drug paraphernalia listed as a first degree misdemeanor — less than that to which the State was supposedly conceding— and that entry is uncorrected. On this same scoresheet, there is a handwritten correction showing the possession of heroin violation changed from a second to a third degree felony. Nonetheless, in tallying up the scores, the court scored the possession of heroin conviction as a second degree felony. This resulted in a significant increase in the length of Mr. Lake’s sentence. Therefore, we remand for clarification by the trial court whether it intended to score the Maryland conviction for possession of heroin as a second or third degree felony.
Accordingly, this case is AFFIRMED IN PART, REVERSED IN PART, and REMANDED for further proceedings consistent with this opinion.
MINER and MICKLE, JJ., concur.