PER CURIAM.
Mr. Ribas appeals his concurrent sentences of 9 years’ imprisonment for two counts of attempted sexual battery on a child eleven years of age or younger by a person eighteen years of age or older. We reverse the sentences because the trial court improperly scored victim injury.
A jury convicted the defendant of two counts of attempted sexual battery on a child for incidents occurring between October 1987 and January 1988. On November 9, 1988, the trial court imposed concurrent upward departure sentences of 25 years’ imprisonment on each count. This court reversed the sentences on November 6, 1992, because the trial court’s reasons for departure were invalid. We remanded for resentencing within the recommended guidelines range. Ribas v. State, 606 So.2d 1278 (Fla. 2d DCA 1992).
On remand, the trial court allocated 259 points for the primary offense category, which established a recommended range of 5½ to 7 years’ imprisonment. The state sought victim injury points because the defendant “fondled” the victim. The trial court added 20 points to the score for “contact but no penetration,” which resulted in a recommended range of 7 to 9 years’ imprisonment. The trial court resentenced Mr. Ribas to concurrent 9-year sentences.
In Karchesky v. State, 591 So.2d 930 (Fla.1992), the supreme court held that a trial court may not score victim injury points on the sexual offenses scoresheet for penetration which does not cause ascertainable physical injury. See also Fulkroad v. State, 640 So.2d 1160 (Fla. 2d DCA 1994); Morris v. State, 605 So.2d 511 (Fla.2d DCA 1992). Although the Florida Legislature abrogated Karchesky, see § 921.001, Fla.Stat. (Supp.1992), the new statute is not retroactive. Harrelson v. State, 616 So.2d 128 (Fla. 2d DCA), review denied, 624 So.2d 268 (Fla.1993).
The trial court based victim injury solely on contact with the victim. Accordingly, we remand for resentencing within the recommended guidelines range of 5½ to 7 years’ imprisonment.
Reversed and remanded.
CAMPBELL, A.C.J., and ALTENBERND and LAZZARA, JJ., concur.