PER CURIAM.
Gregory Oscar Trevino challenges the denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Since the record fails to conclusively establish that Trevino is not entitled to relief, we reverse and remand for further proceedings.
In August 1989, Trevino was charged with two counts of sexual battery and one count of kidnapping. Pursuant to a plea agreement entered into in December 1989, however, Trevino pled guilty to reduced charges, consisting of two counts of committing a lewd and lascivious act. As part of his plea bargain, Trevino also agreed to a fifteen-year suspended prison term, followed by two years’ community control and thirteen years’ probation. In May 1991, Trevino was found to be in violation of his community control and was, thus, resenteneed to two concurrent terms of fifteen years’ imprisonment.
At the time Trevino entered into his plea agreement, his guidelines scoresheet included 80 points for victim injury. Trevino now contends that, pursuant to Karchesky v. State, 591 So.2d 930 (Fla.1992), such points should not have been scored. He argues that had he been aware victim injury points *225 were improper at the time he entered into his plea bargain, he would not have agreed to his current sentence.
As in Morris v. State, 605 So.2d 511 (Fla. 2d DCA 1992), and Salemi v. State, 636 So.2d 824 (Fla. 2d DCA 1994), the record in the instant case fails to show whether the sentence imposed pursuant to Trevino’s plea agreement was based on his guidelines score. If it was, then the fact that victim injury points were improperly scored could make a difference “if scoresheet error arguably contributed to the length of that sentence.” Morris, 605 So.2d at 514. If Trevino’s sentence was not based on his guidelines score, then any error here would be irrelevant. Id. Since it is unclear which is the case in this instance, remand is necessary.
Accordingly, the instant cause is reversed and remanded for further proceedings pursuant to Morris, Salemi, and cases cited therein.
Reversed and remanded.
HALL, A.C.J., and THREADGILL and QUINCE, JJ., concur.