PER CURIAM.
We affirm the defendant’s convictions and sentences, with one exception. We reverse his sentence for committing a lewd act on a child under the age of sixteen. The trial court erred in scoring 60 points for victim injury involving “contact, but no penetration.” The trial court did not indicate and the record does not reveal the extent, if any, of the physical trauma suffered by the *960 victim as a result of the defendant’s lewd act. Karchesky v. State, 591 So.2d 930 (Fla.1992). If these points are deleted, then .the presumptive range is 5½ to 12 years rather than 7 to 17 years. Because Mr. Jiles’ 15-year sentence for committing a lewd act is beyond the correct presumptive range, we reverse this sentence and remand for resentencing. Consistent with our recent decision in Wilson v. State, 648 So.2d 1219 (Fla. 2d DCA 1995) (citing Morris v. State, 605 So.2d 511 (Fla. 2d DCA 1992)), “[o]n remand, the trial court may reimpose the points, if appropriate, after a de novo hearing to determine the extent of victim injury.”
Affirmed in part, reversed in part, and remanded for resentencing.
FRANK, C.J., and ALTENBERND and LAZZARA, JJ., concur.