654 So.2d 908 (1995)
Dewayne Jermaine PINACLE, Petitioner,
v.
STATE of Florida, Respondent.
No. 82945.
Supreme Court of Florida.
April 27, 1995.
*909 Jeffery P. Raffle, Coral Gables, for petitioner.
Robert A. Butterworth, Atty. Gen., and Roberta G. Mandel, Asst. Atty. Gen., Miami, for respondent.
PER CURIAM.
We have for review Pinacle v. State, 625 So.2d 1273 (Fla. 3d DCA 1993), based on direct conflict with Linkous v. State, 618 So.2d 294 (Fla. 2d DCA), review denied, 626 So.2d 208 (Fla. 1993), and Hood v. State, 603 So.2d 642 (Fla. 5th DCA 1992). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The facts, as determined by the court below, are as follows:
The defendant [Dewayne Jermaine Pinacle] was charged with and convicted of armed burglary of an occupied dwelling (count I); armed burglary of an automobile (counts II-III); armed robbery (counts IV-VI); armed sexual battery (count VII); armed kidnapping (count VIII); and petit theft (count X).
At the sentencing hearing, the state submitted a sentencing guidelines score sheet totalling 517 points. Defense counsel did not specifically object when the trial court assessed forty points for "penetration or slight injury" rather than twenty points for "contact but no penetration" because the additional twenty points would not affect the sentencing range. Then, the trial court announced that it had discovered a delinquency order issued six weeks prior to the instant offense placing the defendant on a program of community control. Based upon this order, the trial court added another thirty points to the score sheet. This brought the total to 547 points and raised the recommended range to twenty-seven to forty years and the permitted range to twenty-two years to life imprisonment. Defense counsel objected and requested the opportunity to investigate the circumstances surrounding the delinquency order. The court overruled the objection and denied the request for additional time.
The defendant was sentenced to eight concurrent life sentences on the first eight counts which sentences were to include two consecutive minimum mandatory three year sentences for counts III and VII. The trial court did not consider the sentence as a departure. However, the trial court entered written reasons for departure in the event that the sentences were later to be considered guideline departures. The defendant appealed raising several sentencing issues.
First, the defendant, relying on Karchesky v. State, 591 So.2d 930 (Fla. 1992), contends that the trial court erred in assessing forty points for victim injury on the sentencing guidelines score sheet where the victim in this sexual battery case did not suffer any ascertainable physical injury, apart from the sexual penetration itself. However, the defendant never made a specific objection to the addition of any points for victim injury. Without the appropriate objection, this issue has not been preserved for appellate review. Perryman v. State, 608 So.2d 528 (Fla. 1st DCA 1992), rev. denied, 621 So.2d 432 (Fla. 1993).
Pinacle, 625 So.2d at 1273-74. Pinacle asks that this Court quash the district court's *910 decision and remand this case to the trial court for resentencing pursuant to Karchesky v. State, 591 So.2d 930 (Fla. 1992).
The district court found that Pinacle failed to make a specific objection to the addition of points for victim injury. While we agree that the objection was not as specific as it might have been, we find that it was nonetheless sufficient to preserve the Karchesky issue for our review. Our finding is based on the following excerpt from the sentencing hearing transcript:
[MR. KRAMER, defense counsel] One other thing that isn't very much, but I'll point it out to the court, as far as victim injury is concerned, the state gave the defendant 40 points for penetration or slight injury.
I looked over the Indictment, and the Indictment does not allege penetration. It alleges uniting, which may be different. It might be 20 points less.
Now, the way it stands that will not change the presumptive range. It would still be 22 to 27, ....
THE COURT: The evidence in the case I think supports that calculation of 40 points, so I'm going to leave it that way.
... .
[MR. KRAMER] Based upon the score sheet I had that I was supplied by Ms. Berrien, the juvenile conviction really mattered little one way or the other because of the point scoring and it simply didn't matter. It was still well within the range either way.
But now that we're going up to another range, I want to investigate the facts and circumstances surrounding the juvenile conviction, whether or not it was knowingly, intelligently, and voluntarily plead, specially in light of the court's ruling in the motion to suppress case.
... .
THE COURT: I'm not going to postpone the sentencing for that purpose, but since this is being brought up today at the time of sentencing, you certainly could file an appropriate motion after I impose the sentence to mitigate the sentence on that ground, if you come up with something, but I don't think there's a reason to postpone it now.
MR. KRAMER: Your Honor, then, maybe I would most vociferously argue something that I argued before Your Honor raised this issue about the community control, and that is the point total to penetration versus contact because now it is obviously more important.
You can't give points to a defendant for something not alleged and proven. Certainly there was something proven. Certainly the penetration was proven, however, it was not alleged. And since it was not alleged, he cannot be given the extra points for something that was not alleged in the Indictment regardless of what was proven in the trial.
We find that the above colloquy was sufficient to put the trial judge on notice that the defendant objected to the imposition of victim-injury points for penetration; accordingly, we find that the Karchesky issue has been preserved for this Court's review.
Both parties agree that pursuant to Karchesky, "penetration, which does not cause ascertainable physical injury, does not result in victim injury as contemplated by the rule for which victim-injury points may be assessed."[1] 591 So.2d at 932. We have reviewed the transcript of the sentencing hearing, the trial court's sentencing order, both parties' briefs, the state's "Memorandum of Law in Support of Multiple Convictions and Sentence of the Defendant," the information and the indictments. None allege *911 or prove ascertainable physical injury. Nor does the State rebut Pinacle's contention that no physical injury occurred. In sum, there has been no factual finding that the victim suffered ascertainable physical injury and in the absence of such a finding, victim-injury points cannot be assessed.
Based on the above, we find that Pinacle's sentence violates Karchesky. In light of this finding, we quash the decision of the court below and remand for proceedings consistent with this opinion.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] In 1992 the Florida Legislature added subsection (8) to section 921.001, Florida Statutes (1991). This addition, which became effective on April 8, 1992, superseded the holding in Karchesky and reads as follows:

(8) For purposes of the statewide sentencing guidelines, if the conviction is for an offense described in chapter 794, chapter 800, or s. 826.04 and such offense includes sexual penetration, the sexual penetration must receive the score indicated for penetration or slight injury, regardless of whether there is evidence of any physical injury.
Chapter 92-135, § 1, at 1089, Laws of Fla. Pinacle committed his crimes on April 29, 1990; consequently this 1992 amendment does not effect his sentencing.