656 So.2d 508 (1995)
Jesse M. MONTAGUE, Appellant,
v.
STATE of Florida, Appellee.
No. 94-01131.
District Court of Appeal of Florida, Second District.
May 12, 1995.
Rehearing Denied and Question Certified June 23, 1995.
James Marion Moorman, Public Defender, and Julia Diaz, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ron Napolitano, Asst. Atty. Gen., Tampa, for appellee.
LAZZARA, Judge.
The appellant, Jesse M. Montague, challenges the sentences imposed after a jury trial for three counts of sexual activity with a child by a person in familial authority.[1] Citing Karchesky v. State, 591 So.2d 930 (Fla. 1992), he argues the trial court erred in assessing one hundred twenty points for victim injury (forty points for each offense) based on penetration alone without any showing that the victim suffered "any specifically identified physical injury or trauma" as a result of these criminal acts. Under the circumstances presented in this case, we reverse and remand for the trial court to conduct a new sentencing hearing to determine the extent, if any, of victim injury as to each count.[2]
*509 As calculated, appellant's sentencing guidelines scoresheet placed him in the recommended range of seventeen to twenty-two years with a permitted range of twelve to twenty-seven years. If victim injury points are deleted, the recommended range drops three cells to seven to nine years with a permitted range of five and one-half to twelve years. Because the trial court sentenced appellant to three concurrent prison terms of twenty-five years, any error in the assessment of victim injury points obviously cannot be considered harmless.
The resolution of this case is made difficult by the fact that defense counsel did not object to the inclusion of victim injury points. Instead, as he announced to the trial court, he assumed the scoresheet had been calculated correctly. Although the failure to raise a contemporaneous objection does not preclude our independent review of this issue, e.g., Singleton v. State, 620 So.2d 1038 (Fla. 2d DCA 1993), the practical effect has been to leave the record barren as to the trial court's basis for concluding that the victim suffered physical injury or trauma as a result of the appellant's acts. See Jiles v. State, 652 So.2d 959 (Fla. 2d DCA 1995). Had such an objection been raised, it would have alerted the trial court to the necessity of receiving additional evidence at the sentencing hearing regarding the extent of victim injury, which otherwise may have been inadmissible at appellant's trial.[3] Accordingly, as in Jiles, we remand this case for a de novo sentencing hearing to determine the extent of victim injury as to each count, after which the trial court may reassess victim injury points if appropriate. Accord Wilson v. State, 648 So.2d 1219 (Fla. 2d DCA 1995); cf. Kalina v. State, 596 So.2d 1114 (Fla. 2d DCA 1992); English v. State, 529 So.2d 1272 (Fla. 2d DCA 1988) (guidelines scoresheet to be recalculated on remand to reflect prior convictions state could verify).
To assist the trial court in this determination, we specifically hold that pregnancy followed by a miscarriage resulting from an unlawful sexual act constitutes physical injury or trauma which may be scored as victim injury under the sentencing guidelines. See Fenelon v. State, 629 So.2d 955 (Fla. 4th DCA 1993) (pregnancy and childbirth resulting from a sexual battery constitute physical injury).[4] Of course, "the extent of actual injury may be debated by the parties[,]" subject to resolution by the trial court using the same standards applicable to non-sexual offenses. Morris v. State, 605 So.2d 511, 514 (Fla. 2d DCA 1992) (footnote omitted).
Reversed and remanded for new sentencing hearing.
FRANK, C.J., and DANAHY, J., concur.

ON MOTION FOR REHEARING
LAZZARA, Judge.
We deny the appellee, State of Florida's, motion for rehearing but add the following to our opinion filed May 12, 1995, and certify a question of great public importance.
The appellee, State of Florida, directs our attention on rehearing to the recent decision of the supreme court in Pinacle v. State, 654 So.2d 908 (Fla. 1995), contending it has overruled our precedent embodied in Singleton v. State, 620 So.2d 1038 (Fla. 2d DCA 1993), which we cited in our opinion for the proposition that the absence of a contemporaneous objection to a Karchesky sentencing error does not preclude our independent review of such an issue. It argues that in Pinacle the supreme court "implicitly affirmed" Perryman v. State, 608 So.2d 528 (Fla. 1st DCA 1992), review denied, 621 So.2d 432 (Fla. 1993), which held that in the absence of an appropriate objection, a Karchesky issue is not preserved for appellate review. We note, in that regard, that in Linkous v. State, 618 So.2d 294 *510 (Fla. 2d DCA), review denied, 626 So.2d 208 (Fla. 1993), we certified conflict with Perryman on this exact point of law.
In Pinacle v. State, 625 So.2d 1273 (Fla. 3d DCA 1993), the Third District, citing to Perryman, determined that the Karchesky issue had not been preserved for appellate review because of the absence of an appropriate objection to the addition of victim injury points to the sentencing guidelines scoresheet. The supreme court accepted jurisdiction in part based on direct conflict with our opinion in Linkous. After reviewing the record of the sentencing hearing, it concluded that "[w]hile we agree that the objection was not as specific as it might have been, we find that it was nonetheless sufficient to preserve the Karchesky issue for our review." 654 So.2d at 910. The court then determined that Pinacle's sentence violated Karchesky, and, as a consequence, quashed the Third District's decision and remanded for proceedings consistent with its opinion. It did not, however, address the specific issue of whether a contemporaneous objection must be made to preserve a Karchesky sentencing error for appellate review nor, significantly, did it overrule our decision in Linkous, which, as noted, was relied on in part for conflict jurisdiction. Thus, because district courts must follow their own decisions until overruled by the supreme court, see Carr v. Carr, 569 So.2d 903 (Fla. 4th DCA 1990), we continue to adhere to the principle of Linkous that a contemporaneous objection is not necessary to preserve a Karchesky issue for appellate review. Accordingly, the state's motion for rehearing is denied.
However, because we have a respectful doubt as to whether Pinacle in fact overruled Linkous, see State ex rel. Garland v. City of West Palm Beach, 141 Fla. 244, 193 So. 297 (1940) (stating supreme court's test for determining whether one case has overruled another), and because Karchesky sentencing errors will continue to plague the appellate courts in postconviction proceedings even after the enactment of section 921.001(8), Florida Statutes (Supp. 1992), see, e.g., Spring v. State, 647 So.2d 974 (Fla. 1st DCA 1994) and Trevino v. State, 647 So.2d 224 (Fla. 2d DCA 1994), we certify the following question of great public importance:
HAS PINACLE V. STATE, 20 FLA. L. WEEKLY S196 [654 So.2d 908] (FLA. APR. 27, 1995), OVERRULED LINKOUS V. STATE, 618 So.2d 294 (FLA. 2D DCA), REVIEW DENIED, 626 So.2d 208 (FLA. 1993), AND ADOPTED THE HOLDING OF PERRYMAN V. STATE, 608 So.2d 528 (FLA. 1ST DCA 1992), REVIEW DENIED, 621 So.2d 432 (FLA. 1993), SO THAT IN ORDER TO PRESERVE A KARCHESKY SENTENCING ERROR FOR APPELLATE REVIEW A CONTEMPORANEOUS OBJECTION MUST BE MADE AT TIME OF SENTENCING TO THE ADDITION OF VICTIM INJURY POINTS?
FRANK, C.J., and DANAHY, J., concur.
NOTES
[1] § 794.041(2)(b), Fla. Stat. (1991).
[2] We note, however, that because appellant committed his crimes prior to the effective date of section 921.001(8), Florida Statutes (Supp. 1992), which abrogated the holding of Karchesky, the terms of this statute may not be retroactively applied to justify the assessment of victim injury points in this case. E.g., Ribas v. State, 641 So.2d 492 (Fla. 2d DCA 1994).
[3] We note, in that regard, that victim injury is not an element of the offenses appellant was charged with committing.
[4] To avoid any possibility of intradistrict conflict, we specifically agree with the Fenelon court's analysis that our earlier case of Thompson v. State, 483 So.2d 1 (Fla. 2d DCA 1985), approved, Karchesky v. State, 591 So.2d 930 (Fla. 1992), is distinguishable and does not conflict with this holding.