664 So.2d 1149 (1995)
Otis McCALISTER, Appellant,
v.
The STATE of Florida, Appellee.
No. 93-1945.
District Court of Appeal of Florida, Third District.
December 20, 1995.
Bennett H. Brummer, Public Defender and Marti Rothenberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Paulette R. Taylor, Asst. Atty. Gen., for appellee.
*1150 Before NESBITT, COPE and LEVY, JJ.
PER CURIAM.
The defendant was convicted of ten counts of sexual battery and one count of lewd assault. A sentencing scoresheet was prepared on which the defendant received 400 points in the category of victim impact for "penetration or slight injury." See Fla. R.Crim.P. 3.988(b). The defendant received consecutive sentences totaling 315 years. He appealed to this court, and we affirmed his convictions and sentences per curiam, without written opinion. McCalister v. State, 557 So.2d 56 (Fla. 3d DCA 1989).
On January 16, 1992, the Florida Supreme Court handed down Karchesky v. State, 591 So.2d 930 (Fla. 1992), holding that based on then-existing Florida Rule of Criminal Procedure 3.701(d)(7) (1985), sentencing points could not be scored solely for victim penetration without some accompanying physical injury or trauma. Relying on Karchesky, the defendant filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800. That motion was denied, and the defendant now appeals.
The defendant here failed to object to the assessing of victim injury points at trial, failed to raise the issue on direct appeal, and failed to raise the issue in a previously denied Rule 3.850 motion. Because we conclude that Pinacle v. State, 654 So.2d 908 (Fla. 1995) (citing Perryman v. State, 608 So.2d 528 (Fla. 1st DCA 1992), review denied, 621 So.2d 432 (Fla. 1993)), requires a contemporaneous objection to preserve a Karchesky issue, we affirm the order under review. Contra Montague v. State, 656 So.2d 508 (Fla. 2d DCA), review granted, 662 So.2d 933 (Fla. 1995). Under this reasoning, we need go no further in analyzing defendant's remaining arguments to conclude that the trial court's denial of the motion was proper.
Affirmed.