682 So.2d 1085 (1996)
STATE of Florida, Petitioner,
v.
Jesse M. MONTAGUE, Respondent.
No. 86098.
Supreme Court of Florida.
October 31, 1996.
*1086 Robert A. Butterworth, Attorney General; Robert J. Krauss, Senior Assistant Attorney General, Chief of Criminal Law and Ron Napolitano, Assistant Attorney General, Tampa, for Petitioner.
James Marion Moorman, Public Defender and Deborah K. Brueckheimer, Assistant Public Defender, Tenth Judicial Circuit, Bartow, for Respondent.
PER CURIAM.
We have for review Montague v. State, 656 So.2d 508 (Fla. 2d DCA 1995). We accepted jurisdiction to answer the following question certified to be of great public importance:
HAS PINACLE v. STATE [Pinacle v. State], 654 So.2d 908 (Fla.1995), OVERRULED LINKOUS v. STATE [Linkous v. State], 618 So.2d 294 (Fla. 2D DCA), REVIEW DENIED, 626 So.2d 208 (Fla.1993), AND ADOPTED THE HOLDING OF PERRYMAN v. STATE [Perryman v. State], 608 So.2d 528 (Fla. 1ST DCA 1992), REVIEW DENIED, 621 So.2d 432 (Fla. 1993), SO THAT IN ORDER TO PRESERVE A KARCHESKY SENTENCING ERROR FOR APPELLATE REVIEW A CONTEMPORANEOUS OBJECTION MUST BE MADE AT TIME OF SENTENCING TO THE ADDITION OF VICTIM INJURY POINTS?
Id. at 510.[1] For the reasons expressed below, we answer the certified question in the affirmative, quash the decision under review, and clarify our decision in Pinacle v. State, 654 So.2d 908 (Fla.1995). We hold that a contemporaneous objection is necessary to preserve a Karchesky error for appellate review.
Respondent Jesse M. Montague (Montague) was convicted of three counts of sexual activity with a child by a person in familial authority. See § 794.041(2)(b), Fla.Stat. (1991). Montague contends that under our holding in Karchesky, the trial court assessed 120 points for victim injury (forty points for each offense) on the sentencing guidelines scoresheet based on penetration alone without showing that the victim suffered "any specifically identified physical injury or trauma" as a result of these criminal acts.[2] In Karchesky we held that victim injury points could not be assessed for penetration (i.e., carnal intercourse with an unmarried person under the age of 18) absent specifically identified physical injury or trauma occurring as a result of the intercourse. The record reflects *1087 that defense counsel did not object to the inclusion of the victim injury points. Instead, he announced to the trial court that he assumed the scoresheet had been calculated correctly.[3]
On appeal, the Second District, relying on Singleton v. State, 620 So.2d 1038 (Fla. 2d DCA 1993), found that Montague's failure to raise a contemporaneous objection did not preclude the court's independent review of the alleged Karchesky error. Montague, 656 So.2d at 509. The district court maintained this position even though it acknowledged that "the practical effect has been to leave the record barren as to the trial court's basis for concluding that the victim suffered physical injury or trauma as a result of [Montague's] acts." Id. Accordingly, the district court remanded for a de novo sentencing hearing to determine the extent of victim injury as to each count. Id.
On motion for rehearing, the State argued that our decision in Pinacle v. State, 654 So.2d 908 (Fla.1995), overruled Singleton, which the district court had cited for the proposition that the absence of a contemporaneous objection to a Karchesky error does not preclude its independent review of such an issue. Id. The Second District rejected the State's argument, finding that our decision in Pinacle did not specifically address whether a contemporaneous objection must be made to preserve a Karchesky sentencing error for appellate review. Id. at 510.
Based upon our decision in Pinacle, we answer the certified question in the affirmative and hold that Montague's failure to raise the issue in the trial court is fatal to his claim on appeal. Accord McCalister v. State, 664 So.2d 1149, 1150 (Fla. 3d DCA 1995) (concluding that Pinacle "requires a contemporaneous objection to preserve a Karchesky issue").
In Pinacle v. State, 625 So.2d 1273 (Fla. 3rd DCA 1993), the Third District, citing to Perryman v. State, 608 So.2d 528 (Fla. 1st DCA 1992), review denied, 621 So.2d 432 (Fla.1993), held that a contemporaneous objection was necessary to preserve a Karchesky sentencing error. The court found that there had been no contemporaneous objection and rejected the Karchesky claim. Our review in Pinacle was based upon conflict between the district court's holding and the holdings in Linkous v. State, 618 So.2d 294 (Fla. 2d DCA), review denied, 626 So.2d 208 (1993), and Hood v. State, 603 So.2d 642 (Fla. 5th DCA 1992). Linkous and Hood held that a contemporaneous objection is not necessary to preserve a Karchesky error for appellate review. However, in Pinacle, we found defense counsel's objection sufficient to preserve the Karchesky issue, and ruled that victim injury points could not be assessed because there had been no factual finding that the victim suffered ascertainable physical injury. Because we found that the error was preserved, we quashed the Third District decision.
While our opinion in Pinacle never expressly indicated whether we approved or disapproved of Linkous and Hood, the following passage from Pinacle illustrates that we tacitly disapproved of both cases and approved of Perryman:
The district court found that Pinacle failed to make a specific objection to the addition of points for victim injury. While we agree that the objection was not as specific as it might have been, we find that it was nonetheless sufficient to preserve the Karchesky issue for our review. Our finding is based on the following excerpt from the sentencing hearing transcript.... We find that the above colloquy was sufficient to put the trial judge on notice that the defendant objected to the imposition of victim-injury points for penetration; accordingly, we find that the Karchesky issue has been preserved for this Court's review. *1088 654 So.2d at 910 (emphasis added). Implicit in the above passage is that some objection is required to preserve a Karchesky issue. Montague contends that the opposite is true; however, if he is correct, we never would have addressed the sufficiency of defense counsel's objection in Pinacle in the first place.[4]
We have repeatedly held that absent an illegal sentence or an unauthorized departure from the sentencing guidelines,[5] only sentencing errors "apparent on the face of the record do not require a contemporaneous objection in order to be preserved for review." Taylor v. State, 601 So.2d 540, 541 (Fla.1992) (emphasis added); see also Merchant v. State, 509 So.2d 1101 (Fla.1987) (holding that trial court's erroneous classification of defendant's prior conviction for second-degree murder as a life felony, which was apparent from four corners of record, and resulted in sentencing departure, could be raised for first time on appeal); Forehand v. State, 537 So.2d 103, 104 (Fla.1989) ("absent a contemporaneous objection ... sentencing errors must be apparent on the face of the record to be cognizable on appeal") (emphasis added); Dailey v. State, 488 So.2d 532, 534 (Fla.1986) (alleged sentencing errors requiring an evidentiary determination may not be initially raised on appeal). This follows the general rule that "objections which are not timely made are waived." Charles W. Ehrhardt, Florida Evidence § 104.1 at 10 (1995 ed.) (footnote omitted).
We have addressed the contemporaneous objection issue in its varying forms for well over a decade. The enduring policy rationale in our decisions is that there is an appropriate time and forum for making objections to alleged sentencing errors. E.g., State v. Rhoden, 448 So.2d 1013, 1016 (Fla. 1984) ("The primary purpose of the contemporaneous objection rule is to ensure that objections are made when the recollections of witnesses are freshest and not years later in a subsequent trial or a postconviction relief proceeding."). Thus, as we stated in Dailey v. State, "[i]t is incumbent upon defense counsel to raise, at the trial level, any objections to underlying factual matters supporting the factors in the scoresheet." 488 So.2d at 533 (quoting with approval from Dailey v. State, 471 So.2d 1349, 1351 (Fla. 1st DCA 1985)). As the Second District noted, "Had such an objection been raised, it would have alerted the trial court to the necessity of receiving additional evidence at the sentencing hearing regarding the extent of victim injury...." Montague, 656 So.2d at 509 (emphasis added). Therefore, the resulting evidentiary determination would have "facilitate[d] an intelligent appellate review," Rhoden, 448 So.2d at 1016, of any alleged sentencing errors. As further noted by the district court, defense counsel's lack of objection leaves us with a barren record on the issue of whether the victim actually suffered physical injury. Montague, 656 So.2d at 509.
By our decision today, we again emphasize that the sentencing hearing is the appropriate time to object to alleged sentencing errors based upon disputed factual matters. Counsel cannot just "assume" the correctness of the underlying factual predicate for points assessed in a sentencing guidelines scoresheet prepared by someone else. Sentencing proceedings should be conducted with the same level of preparation and care that is required for the guilt phase of criminal proceedings. Sentencing is obviously a critically important stage of the proceedings, and counsel must be responsible for ensuring the factual integrity of the findings made by the trial court. In short, our decision upholds the primary purpose of the contemporaneous objection rule discussed in Rhoden. We caution that our holding, while emphasizing *1089 the responsibility of defense counsel, in no way lessens the ethical and legal duty of the State and the trial court to ensure that factual determinations made at sentencing are correct.[6]
Accordingly, we answer the certified question in the affirmative, quash the decision under review, and clarify our decision in Pinacle by holding that a contemporaneous objection is necessary to preserve a Karchesky error for appellate review. We also disapprove Hood to the extent it is inconsistent herewith.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
[2] Respondent committed his crimes prior to the effective date of section 921.001(8), Florida Statutes (Supp.1992), which allows sexual penetration to receive the score indicated for penetration or slight injury, regardless of whether there is evidence of any physical injury. The section abrogated the holding in Karchesky v. State, 591 So.2d 930 (Fla.1992).
[3] As calculated, Montague's sentencing guidelines scoresheet placed him in the recommended range of 17 to 22 years with a permitted range of 12 to 27 years. If victim injury points are not assessed, the recommended range drops three cells to 7 to 9 years with a permitted range of 5½ to 12 years. Because the trial court sentenced Montague to three concurrent prison terms of 25 years, any error in assessment of victim injury points can not be considered harmless. Montague, 656 So.2d at 509.
[4] We acknowledge that we did not expressly address the issue of whether an objection is required or expressly overrule those cases not requiring an objection.
[5] In State v. Whitfield, 487 So.2d 1045 (Fla. 1986), receded from on other grounds, Davis v. State, 661 So.2d 1193 (Fla.1995), we held that the trial court's erroneous inclusion of victim injury points, even though victim injury was not an element of the crime charged, did not require a contemporaneous objection to preserve the issue for appeal since the error caused the trial court to make an unauthorized upward departure of sentence. We also amended rule 3.800(a), Fla.R.Crim.P., to read that an illegal sentence could be corrected at any time. Id. at 1047.
[6] As Judge Cowart noted in Hayes v. State, 598 So.2d 135, 138 (Fla. 5th DCA 1992):

All persons in prison under a sentence for the commission of a crime are there because the judicial system declared they did not follow and obey the law but, to the contrary, they did an illegal act. Certainly in imposing the sanctions of the law upon a defendant for illegal conduct the judicial system itself must follow and obey the law and not impose an illegal sentence, and when one is discovered, the system should willingly remedy it. The purpose of all criminal justice rules, practices and procedures is to secure the just determination of every case in accordance with the substantive law. While imperfect, our criminal justice system must provide a remedy to one in confinement under an illegal sentence. There is no better objective than to seek to do justice to an imprisoned person. Further, as a practical matter, if relief from this obviously illegal sentence is not now given in this case, the defendant will, and should, be able to obtain it in other ways, either by an ineffective assistance claim against his former counsel or by way of habeas corpus in a state or federal court. Courts should be both fair and practical and give relief as soon as it is recognized as due.