POLSTON, J.,
dissenting.
I agree with the First District Court of Appeal that section 924.06(2), Florida Statutes, procedurally bars Tasker from challenging victim injury points that were included on his original scoresheet in 2005. See Tasker v. State, 12 So.3d 889 (Fla. 1st DCA 2009). Section 924.06(2) limits those issues that may be considered on appeal from an order revoking probation to only those “proceedings after the order of probation.” Therefore, Tasker cannot now challenge the victim injury points, which were assessed prior to his order of probation.
Tasker’s victim injury points appeared on his original scoresheet at his initial sentencing, which was the product of a negotiated plea. Tasker did not challenge the victim injury points at his original sentencing or at two subsequent hearings regarding violations of his probation. Id. at 890. Instead, Tasker waited until after his probation was revoked and he was sentenced to prison to challenge his original scoresheet. Id. In my view, Tasker cannot now attempt to utilize Florida Rule of Criminal Procedure 3.800 as a backdoor approach to preserving this issue for appeal. In order to preserve an argument challenging an original sentence under rule 3.800, Tasker was required to make a contemporaneous objection at the time he was sentenced. See Sims v. State, 998 So.2d 494, 504 (Fla.2008) (“In Florida, a specific, contemporaneous objection is necessary to preserve a sentencing error.”); State v. Montague, 682 So.2d 1085, 1088 (Fla.1996) (“[Ojnly sentencing errors ‘apparent on the face of the record do not require a contemporaneous objection in order to be preserved for review.’ ” (quoting Taylor v. State, 601 So.2d 540, 541 (Fla.1992))); Forehand v. State, 537 So.2d 103, 104 (Fla.1989) (“[A] contemporaneous objection is not necessary to preserve the appeal of either an illegal sentence or an unauthorized departure from the sentencing guidelines. Absent a contemporaneous objection, however, sentencing errors must be apparent on the face of the record to be cognizable on appeal.” (citing Dailey v. State, 488 So.2d 532 (Fla.1986); State v. Whitfield, 487 So.2d 1045 (Fla.1986))). *808 Yet Tasker failed to object here, and no error is apparent on the face of the record.[4]
Tasker received probation in lieu of jail time as part of a negotiated plea when, according to the computation of sentence points, Tasker could have been sentenced to up to twenty years in prison with a lowest permissible prison sentence of 72.15 months. That Tasker received only six months in jail followed by probation shows that he clearly benefited from the plea. Now that Tasker has violated the terms of his probation, he must accept the burden of his plea. Tasker should not now be allowed to evade his sentence by challenging victim injury points assessed on his original scoresheet by way of a rule 3.800 motion. Allowing him to do so will only discourage the State from negotiating pleas in the future. State v. Swett, 772 So.2d 48, 52 (Fla. 5th DCA 2000) (“[T]o permit the evasion of negotiated pleas and sentences by utilization of a Rule 3.800 motion in mitigation would discourage the state from entering into plea bargains in the future”).
The majority asserts that the revocation proceeding is a deferred sentencing hearing and thus qualifies as “after the order of probation.” I disagree. A deferred sentencing proceeding is not the same as resentencing which proceeds de novo. Rather, sentencing after revocation of probation involves the original scoresheet calculated at the original sentencing, minus those offenses for which the offender’s probation has been completed, and any “additional offense” that is “pending before the court for sentencing at the time.” Sanders v. State, 35 So.3d 864, 869 (Fla.2010); see also § 948.06(2)(b), Fla. Stat. (“If probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he or she has previously been adjudged guilty, and impose any sentence which it might have originally imposed before placing the probationer on probation or the offender into community control.”).[5] No *809 rule provides that points assessed for victim injury can be relitigated at sentencing following a revocation of probation. Indeed, Tasker tacitly admitted to the sexual contact when he pled guilty as part of his negotiated plea. Therefore, I believe Tasker is prohibited from challenging victim injury points on appeal from his revocation of probation here.
Accordingly, I respectfully dissent.

. The forty victim injury points complained of were assessed for "sexual contact.” As part of his negotiated plea, Tasker pled guilty to a violation of section 800.04(5) — lewd and lascivious molestation of a person less than sixteen years of age, or "[a] person who intentionally touches in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of a person less than 16 years of age.” § 800.04(5), Fla. Stat. Tasker pled guilty to both counts of the information; and Count I clearly states that Tasker "did then and there unlawfully and intentionally touch in a lewd or lascivious manner the breasts, genitals, genital area, or buttocks, or the clothing covering them, of L.T., a person 12 years of age or older but less than 16 years of age, contrary to Florida Statute 800.04(5)."

. I disagree with the concurring opinion, which asserts that the victim injury points assessed on Tasker’s original scoresheet were never relevant until his sentencing after revocation of probation. See Canady, C.J., concurring op., 48 So.3d at 807. Section 921.0024(3), Florida Statutes, provides:
A single scoresheet shall be prepared for each defendant to determine the permissible range for the sentence that the court may impose.... The scoresheet or score-sheets must cover all the defendant's offenses pending before the court for sentencing. The state attorney shall prepare the scoresheet or scoresheets, which must be presented to the defense counsel for review for accuracy in dll cases unless the judge directs otherwise. The defendant’s score-sheet or scoresheets must be approved and signed by the sentencing judge.
(Emphasis added); see also Fla. R.Crim. P. 3.704(d)(1), (4). The scoresheet that is presented to the defense for a determination of accuracy is the very same scoresheet utilized by the judge in sentencing the defendant pursuant to the guidelines, which includes consideration of victim injuty points. See Fla. R.Crim. P. 3.704(d)(9).
Furthermore, a trial judge is not required to accept the terms of a plea negotiation. See, *809 e.g., State v. Williams, 667 So.2d 191 (Fla.1996). Before a trial judge can accept the plea he must determine whether the defendant entered into the negotiation voluntarily. See Fla. R.Crim. P. 3.172. In order to make a voluntariness determination, the trial judge is required to
place the defendant under oath and shall address the defendant personally and shall determine that he or she understands:
(1) the nature of the charge to which the plea is offered, the maximum possible penalty, and any mandatory minimum penalty provided by law.
Fla. R.Crim. P. 3.172(c). The minimum and maximum sentence necessarily includes consideration of the defendant’s scoresheet, which includes victim injury points.
Therefore, regardless of whether the trial judge ultimately rejected the plea or accepted the terms of the agreement and imposed a short jail term and probation, as happened in this case, the victim injury points were at issue during the initial sentencing when the trial judge was making his voluntariness determination — after the scoresheet was presented to the defense for accuracy and when it was approved and signed by the sentencing judge. See § 921.0024(3), Fla. Stat; Fla. R.Crim. P. 3.172(c)(1).
Accordingly, in my view, the time for objecting to the imposition of victim injury points was then, not during sentencing following revocation of probation.